[Civ. No. 27530. Second Dist., Div. One. Dec. 23, 1963.]

BRYAN LEE MORRILL, a Minor, etc., Plaintiff and Respondent, v. CITY OF SANTA MONICA, Defendant and Appellant.

Robert G. Cockins, City Attorney, Robert D. Ogle, Assistant City Attorney, and Marshall Barth, Deputy City Attorney, for Defendant and Appellant.

Steven M. Martin for Plaintiff and Respondent.

FOURT, J.—This is an appeal by the City of Santa Monica from an order granting plaintiff's petition for leave to present a claim to the City of Santa Monica pursuant to Government Code, section 716 (as the same existed in March of 1963).

Respondent herein did on March 22, 1963, file a verified petition (dated March 15, 1963) in the Superior Court of Los Angeles County wherein it was set forth among other things that petitioner is the father of a named minor of the age of 12 years, that the child resides with him and has no general or testamentary guardian, that the child was injured on February 3, 1962, on the school grounds of Lincoln Junior High School in Santa Monica at about 4:20 - 4:30 p.m., that the injury was caused in whole or in part by the Santa Monica Unified School District and Santa Monica Department of Recreation, local entities. That the petitioner did not consult with an attorney until September 1962, that shortly after the minor's injury petitioner had some discussion with a claims representative of two casualty companies and with representatives of the Y.M.C.A. but no one informed petitioner of the necessity of filing a formal claim, that the accident was reported by the public entities to their respective insurance carriers. The accident was primarily a slip and fall accident and the physical characteristics of the scene have not changed, that any parties who witnessed the accident or who

are familiar with the events before and after the accident are residing in the area and are available and by reason thereof the local public entities will not be unduly prejudiced by a granting of the petition. A copy of the proposed claim in due form was attached to the petition. Petitioner requested that he be given permission to present the claim. There was also attached to and set forth as a part of the petition a declaration of Howard J. Morrill, the father of the child, wherein among other things it was set forth that the child on February 3, 1962, was participating in a swimming event or meet at the school and was there at the invitation of the school, the Y.M.C.A. and the City of Santa Monica Department of Recreation, that the school is a part of the named school district which is a governmental entity, that in the course of the meet and while on the school premises the child fell from the second story of a school building and sustained a basal skull fracture, back injuries, impairment of memory and taste, and deafness. The declarant states that he had no knowledge or information at any time from February 3, 1962, to September 1962, that a claim should be filed by the minor against the legal entities within 90 days of the accident and that declarant was also unaware that the child had any meritorious cause of action, that in September 1962 he consulted an attorney and was by such attorney referred to his present attorney, Steven M. Martin, that until the middle of December 1962 the medical report seemed to be that the loss of hearing would be corrected, but that in December he was told that the hearing loss was total and permanent and that special training and schooling would be required for the minor, that the injuries were caused by the dangerous and defective condition of the property maintained by the legal entities and by the improper supervision of the activities of said child by said entities.

The attorney also filed a declaration wherein it was set forth that the father of the child first consulted him on September 30, 1962, with reference to the child, that declarant undertook an investigation which took considerable time, that in December 1962 he was advised of the medical report, that due to the press of other trials declarant was unable properly to research and complete the petition, that declarant believes that the rights of the child require and justify a suit being filed and that the probabilities are that the child would recover a judgment against the legal entities.

A notice (with a copy of the petition attached thereto) was

directed to the legal entities to the effect that a hearing on the petition would be had on Wednesday, April 3, 1963, at 9 a.m. in Department 67 of the Superior Court in Los Angeles.

Neither of the legal entities made any appearance at or before the hearing or requested a continuance. Neither of the entities filed any documents, declarations or statements at or prior to the hearing. The minutes of the court recite that the matter was submitted April 3, 1963.

On April 4, 1963, the City Attorney for the City of Santa Monica and the named Santa Monica Department of Recreation (a department of the City of Santa Monica) filed an answer dated March 29, 1963, wherein it was set forth and stated among other things that the petition filed by respondent was inadequate, that there was no reason for the delay, that the petition was not filed within any reasonable period of time after the expiration of the time specified in Government Code, section 715, that the petition does not show that the city would not be unduly prejudiced by the granting of the leave to file the claim. A declaration of the city attorney was also filed with the answer setting forth that the city had no insurance carrier, that he never talked to anyone acting in the child's behalf about the accident, that no investigation of the accident was made by the city. The declaration was dated and signed April 1, 1963. On April 12, 1963, the petition for leave to present the claim was granted. A notice of appeal was filed April 22, 1963.

Appellant now asserts (1) that the petition could not as a matter of law be granted in that it was filed more than one year after the accrual of the child's cause of action and (2) that as a matter of law there was insufficient evidence submitted to support the order granting leave to file the petition.

The statutes in question (as of the dates in question) are set forth in the footnote.[1]

It seems clear that section 715 states in effect that a claim for physical injury to person shall be presented not later

---

[1] "§ 714. [*Manner of presentation of Claim.*] A claim may be presented to a local public entity (1) by delivering the claim to the clerk, secretary or auditor thereof within the period of time prescribed by section 715 or (2) by mailing the claim to such clerk, secretary or auditor or to the governing body at its principal office not later than the last day of such period. A claim shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided herein if it is actually received by the clerk, secretary, auditor

than the one-hundredth day after the accrual of the cause of action. Section 716 states that the petition shall be filed within a reasonable time not to exceed one year after the time specified in section 715 has expired. The time "specified in section 715" does not expire until one hundred days has gone by from the time of the accident or the accrual of the cause of action. Section 716 allows one year after this expiration in cases where the claimant was a minor during all of such time. ■ It would appear to be clear that a minor, under the circumstances, has one hundred days plus one year within which to file his petition.

It is readily apparent that the Legislature is adopting sections 714, 715 and 716 followed in large part the recommendation of the Law Revision Commission as contained in

or governing body within the time prescribed. " (Added Stats. 1959, ch. 1724, p. 4136, § 1.)

"§ 715. [*Time for presentation of claim: accrual of cause of action.*] *A claim relating to a cause of action for death or for physical injury to* the person or to personal property or growing crops *shall be presented as provided in section 714 not later than the one hundredth day after the accrual of the cause of action.* A claim relating to any other cause of action shall be presented as provided in section 714 not later than one year after the accrual of the cause of action.

"For the purpose of computing the time limit prescribed by this section, the date of accrual of a cause of action to which a claim relates is the date upon which the cause of action accrued within the meaning of the applicable statute of limitations." (Added Stats. 1959, ch. 1724, p. 4136, § 1.) (Italics added.)

"§ 716. [*Presentation of claim after expiration of time: grounds.*] The superior court of the county in which the local public entity has its principal office shall grant leave to present a claim after the expiration of the time specified in section 715 if the entity against which the claim is made will not be unduly prejudiced thereby, where no claim was presented during such time and where:

"(a) Claimant was a minor during all of such time; or

"(b) Claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time; or

"(c) Claimant dies before the expiration of such time.

"Application for such leave must be made by verified petition showing the reason for the delay. A copy of the proposed claim shall be attached to the petition. *The petition shall be filed within a reasonable time, not to exceed one year, after the time specified in section 715 has expired.* A copy of the petition and the proposed claim and a written notice of the time and place of hearing thereof shall be served on the clerk or secretary or governing body of the local public entity not less than 10 days before such hearing. The application shall be determined upon the basis of the verified petition, any affidavits in support of or in opposition thereto, and any additional evidence received at such hearing." (Added Stats, 1959, ch. 1724, p. 4136, § 1.) (Italics added.)

its report of January 1959. The Commission and the Legislature had before it copies of statutes from other states which provided in comparable situations that "application for such leave must be made *within the period of one year after the happening of the event upon which the claim is based.*" Our Legislature saw fit to not use the "one year after the happening of the event" as the cut off date but rather as heretofore pointed out to use the time which would be "not to exceed one year after the time specified in section 715" as the cut off date.

The language of the sections referred to was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on their rights—quite to the contrary the statutes are to protect minors. See *Cross* v. *Pacific Gas & Electric Co.*, *(Cal.App.) 32 Cal.Rptr. 504.

A reading of the petition and the declarations in support thereof indicate that the petition is sufficient under the circumstances in this particular case. The trial judge undoubtedly considered all of the various factors involved and concluded that it would be proper to grant the petition. We see no error in the exercise of such discretion.

Judgment affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 20, 1964, and appellant's petition for a hearing by the Supreme Court was denied February 19, 1964.

---

*A hearing was granted by the Supreme Court on September 25, 1963. The final opinion of that court is reported in 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353].