Opinion
 

 CHARGIN, J.
 
 *
 

 This is an appeal from an order entered in a proceeding commenced pursuant to section 946.6 of the Government Code
 
 [1]
 
 denying the petition of a minor and the minor’s mother for an order relieving each of them from the obligation of filing a claim with a public entity as required by sections 911.2 and 945.4.
 

 I
 

 On March 12, 1976, plaintiff Dennis Williams (hereafter referred to as the minor), who was then eight years old, was injured when shortly after exiting a school bus he was struck by an automobile. At the time the minor was a student of defendant Mariposa County Unified School
 
 *846
 
 District (hereafter referred to as defendant), and on the day in question he was participating in a field trip that was being conducted by defendant at California State University of Fresno. It was alleged that the injury occurred when employees of defendant negligently permitted the minor to exit the school bus in a parking lot adjacent to the university.
 

 On October 6, 1976, the minor’s mother, plaintiff Opal Williams (hereafter referred to as plaintiff), for the first time consulted an attorney about the accident. Plaintiff again met with the same attorney on December 3, 1976, at which time plaintiff was informed by the attorney that there was a “good and substantial claim” against defendant and that a claim should be presented to defendant for the minor’s injuries.
 

 A written application for leave to present a late claim was filed with defendant on January 20, 1977, on behalf of the minor; none was filed on behalf of plaintiff. In connection with this application for leave to present a late claim, plaintiff executed a declaration in which she stated that prior to October 6, 1976, she was unaware that there might be any responsibility on the part of defendant for the injuries sustained by the minor and that she was informed on October 6, 1976, by her attorney that “there may be a potential claim” against defendant. Also contained in that declaration was information that plaintiff is “. . . the mother and legal guardian of Dennis E. Williams, a minor of the age of nine years bom on July 3, 1967.” Attached to the application for leave to present a late claim was a declaration executed by the attorney consulted by plaintiff in which the attorney stated that there had been a preliminary inquiry from plaintiff about the filing of a lawsuit on October 6, 1976, and that “. . . during the course of my interview, it became apparent to me that [plaintiff’s] son, claimant Dennis E. Williams, might have a valid claim against [defendant] . . . .” The attorney further declared that he met again with plaintiff on December 3, 1976, and at that time made a final determination that an application for leave to present a late claim should be filed since the minor had a “good and substantial claim.”
 

 The application for leave to present a late claim was formally denied by defendant on February 22, 1977. On the same date, the instant proceeding was commenced in the superior court seeking an order permitting the minor and plaintiff to bring a civil action against defendant for damages even though they did not timely file a claim with
 
 *847
 
 defendant as required by sections 911.2 and 945.4.
 
 [2]
 
 In this petition to the superior court for relief from the requirement of presenting a claim plaintiff declared that she was informed by her attorney on October 6, 1976, that she and the minor “ha[d] a good and valid claim” against defendant. The petition was formally denied by the superior court on March 14, 1977. This appeal followed.
 

 The minor and plaintiff contend that the trial court abused its discretion in denying the relief sought, and that as to the minor, statutes and case law make mandatory the granting of relief in this case.
 

 II
 

 An individual cannot bring a lawsuit against a public entity for personal injuries or property damage unless within 100 days after the accrual of the cause of action the individual has presented a written claim to the public entity involved, and the public entity has acted upon the claim or the claim has been deemed to have been rejected. (§§ 911.2, 945.4.)
 

 Where the claimant does not file a claim within the 100-day claim period, written application may be made to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) The application must be filed within a reasonable time not to exceed one year after the accrual of the cause of action. (§ 911.4, subd. (b).) The application must be granted if, inter alia, (1) the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby; or (2) the person who sustained the injury was a minor during the entire 100-day claim period. (§ 911.6, subds. (b)(1) and (2)0
 

 In the event the public entity denies leave to present a late claim, or leave to do so has been deemed to be denied, a petition may be filed in the court otherwise having jurisdiction of the action for an order relieving the petitioner of the requirement of filing a claim. (§ 946.6, subd. (a).) This relief shall be granted if the court finds that the application filed with the public entity for leave to present a late claim was made within a
 
 *848
 
 reasonable time not to exceed one year after the accrual of the cause of action and that, inter alia, (1) the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby; or (2) the person who sustained the injury was a minor during the entire 100-day claim period. (§ 946.6, subds. (c)(1) and (2).)
 

 There is a well established rule that the trial court exercises broad discretion in granting or denying a petition for relief under section 946.6.
 
 (County of Santa Clara
 
 v.
 
 Superior Court
 
 (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774];
 
 Martin
 
 v.
 
 City of Madera
 
 (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) This rule, however, does not preclude reversal of an order denying such relief where adequate cause for the relief is shown by uncontradicted evidence or affidavits of the petitioner.
 
 (Viles
 
 v.
 
 State of California
 
 (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818].) Additionally, an appellate court will be more rigorous in examining the denial of relief under section 946.6 than its allowance. “It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application.”
 
 (Viles
 
 v.
 
 State of California, supra,
 
 66 Cal.2d 24, 29; accord
 
 County of Santa Clara
 
 v.
 
 Superior Court, supra, 4
 
 Cal.3d 545, 552.)
 

 Ill
 

 We find no abuse of discretion in the trial court’s denial of plaintiff’s request for relief from the requirement of presenting a claim. Plaintiff failed to follow the proper procedures in that she not only failed to file a claim within the 100-day claim period but she made no application to defendant on her own behalf for leave to present a late claim. The relief provided by section 946.6 is available only if an application for leave to present a late claim is filed with the public entity involved and is denied or deemed denied. (See § 946.6, subd. (b);
 
 Carr v. State of California
 
 (1976) 58 Cal.App.3d 139, 144-145 [129 Cal.Rptr. 730];
 
 Los Angeles City Sch. Dist.
 
 v.
 
 Superior Court
 
 (1970) 9 Cal.App.3d 459, 465 [88 Cal.Rptr. 286];
 
 Ridley
 
 v.
 
 City etc. of San Francisco
 
 (1969) 272 Cal.App.2d 290, 294 [77 Cal.Rptr. 199].) No argument has been raised in this case that plaintiff’s failure to file an application with defendant for leave to present a late claim can be excused on the basis of equitable estoppel. (See generally
 
 Rand
 
 v.
 
 Andreatta
 
 (1964) 60 Cal.2d 846, 848-849
 
 *849
 
 [36 Cal.Rptr. 846, 389 P.2d 382];
 
 McLaughlin
 
 v.
 
 Superior Court
 
 (1972) 29 Cal.App.3d 35, 38-40 [105 Cal.Rptr. 384];
 
 Kendrick
 
 v.
 
 City of La Mirada
 
 (1969) 272 Cal.App.2d 325, 328-330 [77 Cal.Rptr. 444].)
 

 IV
 

 The minor, on the other hand, did follow the procedural requirements, and the determination of his rights must be decided on different grounds.
 

 Under subdivision (c)(2) of section 946.6 a superior court
 
 shall
 
 grant a minor’s request for relief from the obligation of filing a claim with a public entity without reference to inadvertence, surprise or other explanations for failing to file a claim within the 100-day claim period. All that must be shown is that the minor was under the age of 18 years for the entire 100-day claim period and that the minor’s application to the public entity for leave to present a late claim was made within a
 
 reasonable time
 
 not to exceed one year after the accrual of the cause of action.
 
 (Whitfield
 
 v.
 
 Roth
 
 (1974) 10 Cal.3d 874, 884, fn. 16 [112 Cal.Rptr. 540, 519 P.2d 588];
 
 Tammen
 
 v.
 
 County of San Diego
 
 (1967) 66 Cal.2d 468, 479 [58 Cal.Rptr. 249, 426 P.2d 753];
 
 Ridley
 
 v.
 
 City etc. of San Francisco, supra,
 
 272 Cal.App.2d 290, 292;
 
 Hom
 
 v.
 
 Chico Unified Sch. Dist.
 
 (1967) 254 Cal.App.2d 335, 338-339 [61 Cal.Rptr. 920]; see 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 165, subd. (b), p. 1029.) It is wholly immaterial that the public entity will be prejudiced by the minor’s failure to present a timely claim.
 
 (Tammen
 
 v.
 
 County of San Diego, supra,
 
 66 Cal.2d 468, 480.)
 
 [3]
 

 We recognize that the issue of whether the minor was under the age of 18 years during the entire 100-day claim period apparently is being raised by the minor for .the first time on appeal.
 
 [4]
 
 Nevertheless, both
 
 *850
 
 defendant and the trial court were fully aware of the age of the minor. The caption of the application filed with defendant for leave to present a late claim read: “Dennis E. Williams, a Minor by and through Opal B. Williams, his mother and legal guardian.” Attached to this application was a declaration executed by plaintiff setting forth information that the minor was “. . . of the age of nine years bom on July 3, 1967.” The caption of the petition filed in the superior court for relief from the obligation of having to present a claim to defendant read in pertinent part: “Dennis E. Williams, a Minor, by and through his guardian ad litem Opal B. Williams.” Within the body of the petition was the statement that the minor was “. . . of the age of nine years.”
 

 It is not contended that defendant was unaware of the minor’s age or that defendant has been misled by the failure to raise the minority issue below. Where, as here, the facts with reference to the contention newly made on appeal appear to be undisputed and that probably no different showing could be made at a new hearing it is deemed appropriate to entertain the contention as a question of law on the undisputed facts and pass on it accordingly.
 
 (Panopulos
 
 v.
 
 Maderis
 
 (1956) 47 Cal.2d 337, 341 [303 P.2d 738]; see
 
 Tyre
 
 v.
 
 Aetna Life Ins. Co.
 
 (1960) 54 Cal.2d 399, 405 [6 Cal.Rptr. 13, 353 P.2d 725];
 
 Burdette
 
 v.
 
 Rollefson Construction Co.
 
 (1959) 52 Cal.2d 720, 725-726 [344 P.2d 307];
 
 Ward
 
 v.
 
 Taggart
 
 (1959) 51 Cal.2d 736, 742 [336 P.2d 534];
 
 Jones
 
 v.
 
 Fireman’s Fund Ins. Co.
 
 (1969) 270 Cal.App.2d 779, 783-784 [76 Cal.Rptr. 97, 38 A.L.R.3d 1430].)
 

 The question thus is reduced to a determin ation of whether it would be an abuse of discretion to find that the minor did not act within a reasonable time in filing his application with defendant for leave to present a late claim.
 

 The time limit for filing an application with a public entity for leave to present a late claim (i.e., within a reasonable time not to exceed one year after the accrual of the cause of action) is comparable to a statute of limitations.
 
 (Gonzales
 
 v.
 
 County of Merced
 
 (1963) 214 Cal.App.2d 761, 765 [29 Cal.Rptr. 675].) In this state there is a clear policy that children are to be protected during their minority from the destruction of their rights by the mnning of limitation periods.
 
 (Williams
 
 v.
 
 Los Angeles Metropolitan Transit Authority
 
 (1968) 68 Cal.2d 599, 602 [68 Cal.Rptr. 297, 440 P.2d 497].) Remedial statutes are to be liberally constmed for the protection of
 
 *851
 
 persons within their purview; the modem trend of judicial decisions in cases involving petitions for relief from the obligation of filing a claim with ..a public entity is in favor of granting such relief unless absolutely forbidden by statute.
 
 (Tammen
 
 v.
 
 County of San Diego, supra,
 
 66 Cal.2d 468, 480;
 
 Gonzales
 
 v.
 
 County of Merced, supra,
 
 214 Cal.App.2d 761, 765.)
 

 Subdivision (c)(2) of section 946.6 was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on the minors’ rights.
 
 (Tammen
 
 v.
 
 County of San Diego, supra,
 
 66 Cal.2d 468, 480;
 
 Morrill
 
 v.
 
 City of Santa Monica
 
 (1963) 223 Cal.App.2d 703, 708 [35 Cal.Rptr. 924].) The rights of a minor under that provision should not be lost by failure or neglect on the part of a third party over whose actions the minor has no effective control. (Cf.
 
 Gonzales
 
 v.
 
 County of Merced, supra,
 
 214 Cal.App.2d 761, 76S-766.)
 
 [5]
 
 “[T]he only determination for the court is whether
 
 the minor acted diligently
 
 in seeking relief from his [or her] failure to file [a claim] within the 100 days.” (Italics added.)
 
 (Tammen
 
 v.
 
 County of San Diego, supra,
 
 66 Cal.2d 468, 480.) “[W]hat is a reasonable time for a minor to [so] act is not [necessarily] reasonable for an adult.”
 
 (Tammen
 
 v.
 
 County of San Diego, supra,
 
 66 Cal.2d 468, 479.)
 

 In view of these policies and legal principles we are of the opinion that it would be an abuse of discretion to find that the minor herein did not act within a reasonable time in filing his application with defendant for leave to present a late claim. The injury to the minor occurred on March 12, 1976. The minor’s mother first consulted with an attorney on October 6, 1976. Two months later the attorney made a final determination to file an application with defendant for leave to present a late claim. Forty-eight days after that decision the application was presented to defendant. Twenty-three days later the application was denied and, on that same day, the instant proceeding was commenced. If unreasonableness is to be found, it is attributable to the actions of the
 
 *852
 
 minor’s mother and the attorney over which the minor had no effective control; the lack of diligence displayed by these two adults cannot be attributed to the minor so as to defeat his claim.
 

 The order is affirmed insofar as it denied the petition of Opal B. Williams and reversed as to the minor Dennis E. Williams; plaintiffs shall recover their costs on appeal.
 

 Franson, Acting P. J., and Hopper, J., concurred.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.
 

 [1]
 

 Hereafter, unless otherwise indicated, all statutory references are to sections of the Government Code.
 

 [2]
 

 The minor intended to sue defendant for all damages he incurred because of the injuries allegedly caused to him by the negligence of defendant’s employees while plaintiff intended to sue defendant for all medical, surgical, hospital and incidental expenses sustained by her in treating the minor’s injuries.
 

 [3]
 

 For an adult, who is not physically or mentally incapacitated during the 100-day claim period, to obtain relief from the obligation of filing a claim with a public entity the adult must show that his or her failure to act within the 100-day claim period was occasioned by mistake, inadvertence, surprise or excusable neglect; that the public entity was not prejudiced by the failure to file a timely claim; and that the adult’s application to the public entity for leave to present a late claim was made within a reasonable time not to exceed one year after the accrual of the cause of action. (§ 946.6, subds. (c)(1) and (3);
 
 Whitfield
 
 v.
 
 Roth, supra,
 
 10 Cal.3d 874, 884, fn. 16;
 
 Hom
 
 v.
 
 Chico Unified Sch. Dist., supra,
 
 254 Cal.App.2d 335, 338-339.)
 

 [4]
 

 The petition filed in the superior court merely sought to justify the minor’s failure to file a timely claim on the ground that the failure to present the claim within the 100-day claim period resulted from mistake, inadvertence, surprise or excusable neglect. In his brief on appeal the minor alleges that the minority issue was argued orally in the trial court, but a transcript of that argument has not been made part of the record on appeal.
 

 [5]
 

 In
 
 Wozniak
 
 v.
 
 Peninsula Hospital
 
 (1969) 1 Cal.App.3d 716 [82 Cal.Rptr. 84] the court was concerned with ascertaining the date of the accrual of a minor’s cause of action for medical malpractice. There it was observed: “In a suit for malpractice the statute of limitations commences to run when the plaintiff discovers the injury and its negligent cause or through the exercise of reasonable diligence should have discovered it. [Citations.] When the person who is injured is a minor, as here, the parents’ knowledge or lack of knowledge is controlling. [Citation.] [¶]. . .We feel, however, that in determining whether [plaintiff’s] parents exercised reasonable diligence in discovering the negligence of [defendant] their action should be liberally interpreted with a view to protecting [plaintiff’s] rights as a minor.
 
 It is well settled that despite seeming ineptness and lassitude of the parents or other representatives that both the Legislature and the courts seek to protect the rights of minors.”
 
 (Italics added; fn. omitted.)
 
 (Supra,
 
 1 Cal.App.3d at pp. 722-723.)