[No. A030124. First Dist., Div. Five. Apr. 23, 1987.]

DAWN ROUSSEAU, A Minor, etc., Plaintiff and Appellant, v. CITY OF SAN CARLOS et al., Defendants and Respondents.

COUNSEL

Merlyn L. McGarry, Joan M. Wakeley and Julia C. McDonald for Plaintiff and Appellant.

Mark G. Bonino, David J. Miclean, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Robert F. Carlson, Joseph A. Montoya, Robert J. DeFea, Kenneth G. Nellis, David H. Shein, James P. Fox, District Attorney and John A. Shupe, Deputy District Attorney for Defendants and Respondents.

OPINION

LOW, P. J.—In this case, we hold that the trial court abused its discretion in denying the minor's petition for late claim relief. (Gov. Code, § 946.6.) The court improperly considered the dilatory actions of the minor's guardian and her attorney and should have focused on the minor's behavior alone. In light of the minor's seriously debilitated condition, we conclude that the time it took to file the petition for judicial relief was not unreasonable.

On June 17, 1983, plaintiff, Dawn Rousseau, was injured when a car she was driving collided with another vehicle near the intersection of Cherry Street and State Highway 82 in the City of San Carlos, San Mateo County. Dawn was almost 16½ years old at the time of the accident. She suffered brain damage which resulted in speech and motor function defect. She was hospitalized for three months, during two months of which she was unconscious. In October 1983, more than 100 days after the accident, Dawn's father, Donald, contacted counsel to sue the responsible public entities and counsel agreed to represent plaintiff.

Counsel concluded that a cause of action existed against the City of San Carlos, San Mateo County and the State of California. Based on an engineer's report, counsel decided to prosecute charging sight-distance defects.

On May 8, 1984, Donald was appointed guardian ad litem. On May 14, 17 and 29, 11½ months after the accident and 7 months after the attorney was retained, plaintiff filed applications to file a late tort claim with the state, the county and the city, respectively. (Gov. Code, § 911.4.) The applications were based on the grounds that the delay in filing a timely claim was due to mistake, inadvertence, surprise and excusable neglect. (Gov. Code, § 911.4.) The applications were denied. On September 20, 1984, plaintiff filed a petition for judicial relief based on the same ground of excusable neglect, which was denied on October 26, 1984. (Gov. Code, § 946.6, subd. (c)(1).) She appeals from this order.

I

On appeal, plaintiff again argues the issue of excusable neglect. But she also contends that she is entitled to relief because (1) she was a minor during the entire 100-day filing period (Gov. Code, § 946.6., subd. (c)(2)); and (2) she was mentally and physically incapacitated during the entire 100-day period (Gov. Code, § 946.6, subd. (c)(3)).

The trial court's decision to deny relief will not be reversed on appeal in the absence of abuse of discretion. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818].) The minor's father contacted counsel in October, *four months* after the accident; soon thereafter, counsel knew a cause of action existed but she took another *three months* to contact a civil engineer; she received the engineer's report *one and one-half months* later but did not file an application to present a late claim until May 29, 1984,—seven months after she received the case and over eleven and one-half months after the accrual of the cause of action. As discussed below, we find that this delay was not unreasonable and conclude that the trial court abused its discretion. (See *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753]; *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 80-82 [70 Cal.Rptr. 908].)

II

In order to prevail, the plaintiff must prove she was a minor during the entire 100-day period in which to file a claim *and* that the application to the public entities to file a late claim was made within a reasonable time not to exceed one year after the accrual of the cause of action. (Gov. Code, § 946.6, subd. (c)(2); *Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020, 1028-1029 [232 Cal.Rptr. 519, 728 P.2d 1154]; *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 473; *Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 849 [147 Cal.Rptr. 452].) The only question is whether the *minor* acted diligently in filing an application to present a late claim. The negligence of the adults she relied upon cannot be imputed to the minor. (*Tammen* v. *County of San Diego, supra,* at p. 480; *Williams* v. *Mariposa County Unified Sch. Dist., supra,* at p. 851.) As recently stated in *Hernandez* v. *County of Los Angeles, supra,* 42 Cal.3d at page 1030, "when a late claim application is filed within a year of the accrual of [the minor's] cause of action, [the] claim will not be barred because of a delay within that year for which the minor . . . is not responsible."

What is a reasonable time to act for a minor is not the same as it is for an adult. (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 479.) Any determination must be made on the facts of the particular case, keeping

in mind the "policy of the law toward liberal construction of remedial statutes for the protection of persons within their purview and the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute . . . ." (*Id.,* at p. 480.) ■ Here, the minor sustained a skull fracture with resultant brain damage. The injury left her with a speech defect, a motor function defect, several fractured bones, a punctured bladder and multiple lacerations and contusions. She is undergoing physical, speech and occupational therapy and is primarily confined to a wheelchair.

Given the serious nature of her injuries, we find that the delay of seven months from the time counsel was retained, while the claim was being investigated by experts and the late claim applications were filed, was not unreasonable. The minor could not be expected to supervise the progress of her case in her debilitated condition; she properly entrusted the supervision and control of the litigation to her father and guardian. ■ Government Code section 946.6 "was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on their rights—quite to the contrary the statutes are to protect minors." (*Morrill* v. *City of Santa Monica* (1963) 223 Cal.App.2d 703, 708 [35 Cal.Rptr. 924]; *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at p. 480.) Without discussing what more the minor plaintiff should have done to move her claim along, defendants simply conclude that the length of delay was unreasonable. In doing so, defendants are imputing the father's and attorney's negligence to the minor, which, as we have indicated, is improper. (See *Hernandez* v. *County of Los Angeles, supra,* 42 Cal.3d at p. 1029.)

In *Morrill* v. *City of Santa Monica, supra,* 223 Cal.App.2d 703, the minor, age 12, was seriously injured on a school playground on February 3, 1962. These injuries included a skull fracture, impairment of memory and taste, and deafness. His father, as guardian, first contacted an attorney on September 30. It was not until December that the attorney received a medical report which indicated that the minor's deafness would be permanent. The attorney filed a motion for late claim relief on March 22, 1963. On April 12, 1963, the motion was granted. Under the statutes existing at that time, the minor had one year plus one hundred days in which to file a petition. Finding that the petition was filed within the requisite period, the court concluded that the minor was entitled to relief. The court reasoned that under the circumstances of the case and in light of the policy to protect the minor's rights, the trial court acted within its discretion in granting the petition. (*Id.,* at p. 708; cf. *Carr* v. *State of California* (1976) 58 Cal.App.3d 139, 144-145 [129 Cal.Rptr. 780] [although the court denied late claim relief, it concluded that had the minors' petition been filed within one year after the accrual of the cause of action, they would have been entitled to relief as a matter of law].)

Although Dawn, at age 16½, was older than the minor in *Morrill,* their situations are substantially similar. Both were seriously injured and reasonably could not be expected to look after their own legal affairs. The delays in filing timely claims were due solely to the actions of adults over whom they had no effective control. In both cases, the applications to present late claims were filed within the statutory period. Under these circumstances, we conclude that it would be against the stated public policy to deny the requested relief. (See *Williams* v. *Mariposa County Unified Sch. Dist., supra,* 82 Cal.App.3d at p. 851.)

The order is reversed and the superior court is directed to enter an order granting the petition. Each party to bear its costs on appeal.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied May 18, 1987, and the petitions of respondents City of San Carlos and State of California for review by the Supreme Court was denied August 20, 1987.