Filed 3/6/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| J.M., a Minor, etc., | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S230510 |
| v. | ) | |
| | ) | Ct.App. 4/3 G049773 |
| HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, | ) | |
| | ) | |
| | ) | Orange County |
| Defendant and Respondent. | ) | Super. Ct. No. 30-2013-00684104 |
| _____ | ) | |

Here we conclude that plaintiff J.M.'s suit is barred because he failed to comply with the requirements of the Government Claims Act.[1]  In a belated claim presented to defendant Huntington Beach Union High School District (the District), J.M. alleged he was injured in a school football game.  Although a trainer advised the coach that J.M. might have suffered a concussion, he was allowed to participate in full contact practice several days later.  He was subsequently diagnosed with double concussion syndrome.  On the facts alleged, J.M.'s personal injury action accrued on October 31, 2011, the date of his diagnosis.

J.M. did not file a claim within six months, as required by section 911.2, subdivision (a).  He retained counsel after that period elapsed, and counsel

---

[1]  Government Code section 810 et seq.  Further statutory references are to the Government Code.

SEE CONCURRING OPINION

presented the District with an application to file a late claim on October 24, 2012, nearly a year after the claim accrued.  The application was timely under section 911.4.**2**  The District took no action.  Section 911.6, subdivision (c) (section 911.6(c)) provides that if a public entity does not act on a late claim application, it is deemed denied on the 45th day after it was presented.  Thus, by operation of law, J.M.'s application was deemed denied on December 8, 2012.  On October 28, 2013, counsel petitioned the superior court for relief from the obligation to present a claim before bringing suit.  Under section 946.6, subdivision (b) (section 946.6(b)), such a petition must be filed within six months after a late claim application is either denied or deemed denied.  The trial court rejected J.M.'s petition, noting that it should have been filed by June 9, 2013.  The Court of Appeal affirmed.  It disagreed with *E.M. v. Los Angeles Unified School Dist.* (2011) 194 Cal.App.4th 736, under which J.M.'s suit would have been allowed to proceed.

We affirm the Court of Appeal's judgment, and disapprove *E.M. v. Los Angeles Unified School Dist.*, *supra*, 194 Cal.App.4th 736 (*E.M.*).

## I.  DISCUSSION

A.  *The Statutes Governing Late Claims by Minors*

As a general rule, a plaintiff must present a public entity with a timely written claim for damages before filing suit against it.  (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208 (*Shirk*).  If a complaint does not allege

---

**2**      Section 911.4, subdivision (b) permits a late claim application to be presented "within a reasonable time not to exceed one year after the accrual of the cause of action."  Minors have a full year in which to seek relief.  (*Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1028 (*Hernandez*).)  The proposed claim must be attached to the application.  (§ 911.4, subd. (b).)

facts showing that a claim was timely made, or that compliance with the claims statutes is excused, it is subject to demurrer. (*Id*. at p. 209.) At issue here are the statutes governing relief from failure to present a timely claim on behalf of a minor.

Section 911.6, subdivision (b) (section 911.6(b)) states that a public entity "shall" grant a late claim application if "[t]he person who sustained the alleged injury . . . was a minor during all of the time . . . for the presentation of the claim." (§ 911.6(b)(2).) A minor is entitled to relief whether or not the minor's parents or counsel acted diligently, so long as the application is made within the year after the cause of action accrued. (*Hernandez*, *supra*, 42 Cal.3d at pp. 1027-1030; see *Rousseau v. City of San Carlos* (1987) 192 Cal.App.3d 498, 501.) As noted, if the entity "fails or refuses to act" on a late claim application, it "shall be deemed to have been denied on the 45th day" after it is presented. (§ 911.6(c).) J.M.'s principal contention is that the terms of section 911.6(b)(2), which required the District to grant his application, supersede the "deemed to have been denied" terms of section 911.6(c). He argues that the two subdivisions are irreconcilable, and the specific terms of subdivision (b)(2) must be given precedence over the general "default" provisions of subdivision (c). The premise is faulty. These provisions are readily reconciled.

A minor is ordinarily entitled to relief upon a timely application under section 911.6(b)(2). We do not suggest it would be proper for an entity to routinely ignore late claim applications and resort to the "deemed . . . denied" provision of section 911.6(c) as a default procedure. Such applications should normally be reviewed and acted upon. But an entity may "fail[] or refuse[] to act" for a variety of reasons. (*Ibid*.) The timeliness of the application may be questionable due to uncertainty over when the cause of action accrued. The applicant's status as a minor during the relevant period may be disputable. The

3

entity may have been unable to complete its investigation within the allotted time.[3] The entity might also simply fail to act on an application through inadvertence. In all circumstances, a late claim application is deemed denied after 45 days, even though section 911.6(b)(2) would entitle the minor to relief if the application had merit. By placing this limitation on the entity's time to act, the Legislature ensured that applications would not languish.

The procedure for determining the merit of a late claim application after 45 days of entity inaction is provided in section 946.6(b). The applicant has six months to seek relief *in court* "after the application to the [entity] is denied *or deemed to be denied*." (*Ibid.*, italics added.) The six-month period "operates as a statute of limitations. It is mandatory, not discretionary." (*D.C. v. Oakdale Joint Unified School Dist.* (2012) 203 Cal.App.4th 1572, 1582, citing cases.) Section 946.6, subdivision (c) (section 946.6(c)), in terms parallel to those of section 911.6(b)(2), states that the court "shall" grant the petition if "[t]he person who sustained the alleged injury . . . was a minor during all of the time . . . for the presentation of the claim." (§ 946.6(c)(2).) Thus, the statutory scheme operates to keep the process moving, and allows an action to go forward if a court determines that a minor's late claim application is meritorious.

J.M. insists there was no need for him to seek relief in court under section 946.6, because the District was required to grant his application. J.M. presumes his application was sufficient, but his counsel failed to make a record to support that conclusion. Only allegations are before us. While section 911.6(b)(2) says that an entity "shall" grant a minor's late claim application, the Legislature also

---

[3]    The purpose of the claim requirements is to give public entities an opportunity to investigate facts and weigh fiscal implications. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.)

contemplated that the entity might "fail[] or refuse[] to act" (§ 911.6(c)). The record does not indicate the reason for the District's inaction here. In any case, it was J.M.'s responsibility to seek relief in court from the District's deemed denial of his late claim application, even if the District was required to grant it. The court could readily have determined the merits of a timely application.

Section 946.6(c)(2) directly addresses J.M.'s circumstances. The Legislature would not have created a specific but *superfluous* provision for relief from the deemed denial of a minor's late claim application. J.M. suggests the statute was intended to allow an applicant to seek a remedy based on minority for the first time in court, after presenting some other ground for relief in an application to the entity.[4] He offers nothing in the way of legislative history to support this suggestion, and its logic is difficult to discern. Section 946.6(c)(2) gave J.M. a clear avenue to challenge the denial of his application. His counsel simply failed to take advantage of it.

J.M. correctly notes that the statutes before us are liberally construed in favor of minors. "[S]ections 911.6 and 946.6 . . . indicat[e] that the Legislature intended to accord special solicitude to the claims of injured minors . . . ." (*Hernandez*, *supra*, 42 Cal.3d at p. 1028.) However, the Legislature's solicitude is manifested in a specific statutory framework. The "deemed . . . denied" provisions of section 911.6(c) are part of that framework, and cannot be construed away. J.M.'s interpretation does not square with the plain meaning of the statute. He would read into section 911.6(b)(2) a provision for the deemed *grant* of a minor's late claim application when the entity fails to act, but section 911.6(c)

---

**4** Section 911.6(b) also provides for relief on grounds of "mistake, inadvertence, surprise, or excusable neglect;" incapacity; or death during the claim period. Section 946.6(c) parallels these provisions as well.

5

unambiguously provides for a deemed *denial*. "If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls." (*Shirk*, *supra*, 42 Cal.4th at p. 211.) J.M.'s construction would permit a plaintiff to sue a public entity without presenting either a timely claim or a timely petition for relief under section 946.6, based on assertions that have neither been accepted by the entity nor proven in court. The statutes do not permit such a procedural shortcut. We note that the minor in *Hernandez*, unlike J.M., sought timely relief under section 946.6 from the denial of his late claim application. (*Hernandez*, at p. 1023.)

In the trial court J.M. did not rely on *E.M.*, *supra*, 194 Cal.App.4th 736, which would have supported his position. In *E.M.* the plaintiff applied to present a late claim based on her minority during the claims period. The entity expressly rejected the application. Five months later the plaintiff sued. After another two months, she filed a petition under section 946.6. The trial court denied the petition because more than six months had elapsed after the late claim application was rejected. (*E.M.*, at pp. 740-742.) The Court of Appeal reversed, reasoning that the claim presentation requirement was satisfied by the plaintiff's attachment of a claim to her late claim application. (*Id.* at p. 747.)

The *E.M.* court was not persuaded that the plaintiff's only recourse was a petition for relief under section 946.6. "The purpose of the claims statute is to give the public entity timely notice of a claim and sufficient information to enable the public entity to investigate the claim and to settle it, if appropriate, without the expense of litigation. [Citation.] Plaintiff's timely application for leave to present a late claim satisfied the technical requirements of the statutory scheme as well as the purpose of the statute." (*E.M.*, *supra*, 194 Cal.App.4th at p. 748.) The court deemed the plaintiff's "belated petition for relief under section 946.6 . . . an

irrelevancy." (*Ibid*.) Unlike this case, *E.M.* did not implicate the "deemed . . . denied" provisions of section 911.6(c), but its holding would entitle J.M. to relief.

The *E.M.* court erred. There was no timely notice of the claim there, only an application for leave to provide *untimely* notice. The "technical requirements" of section 946.6 were not satisfied, they were flouted. (*E.M.*, *supra*, 194 Cal.App.4th at p. 748.) As the leading treatise on the Government Claims Act observes, *E.M.* renders the provisions of section 946.6 superfluous and creates confusion over the proper procedure when a minor's late claim application is denied. (Van Alstyne et al., Cal. Government Tort Liability Practice (Cont.Ed.Bar 2016) § 7.60, p. 7-54.) The *E.M.* court's failure to give effect to section 946.6 violated a cardinal rule of statutory construction: "An interpretation that renders related provisions nugatory must be avoided . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735; accord, *Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1325.) We disapprove *E.M. v. Los Angeles Unified School Dist.*, *supra*, 194 Cal.App.4th 736 to the extent it is inconsistent with our opinion.

As the preceding discussion demonstrates, the claims statutes impose time limits but also provide safe harbors. Once a cause of action accrues, a claim must be filed within six months. (§ 911.2, subd. (a).) If that deadline is missed, a minor has a year to apply to the entity for leave to file a late claim. (§ 911.4, subd. (b); *Hernandez*, *supra*, 42 Cal.3d at p. 1028.) The entity must act promptly. If it fails to respond within 45 days, the application is deemed denied (§ 911.6(c)), which gives the claimant an opportunity to petition the court for relief (§ 946.6, subd. (a)). The Legislature allowed six months for such a petition. (§ 946.6(b).) If the petition is denied, the claimant may seek relief in the trial court or on appeal. (Van Alstyne et al., Cal. Government Tort Liability Practice, *supra*, §§ 7.78, 7.79, pp. 7-70-71.) However, if a claimant fails to file a timely petition, the Legislature did not contemplate yet another extension of time for the pursuit of a belated

7

claim. Therefore, the statutes provide no recourse for counsel's failure to petition the court within six months of the deemed denial of J.M.'s late claim application.

B. *Equitable Remedies*

As an alternative to his statutory arguments, J.M. asserts claims to equitable relief under the doctrines of estoppel and tolling. The elements of equitable estoppel have been applied in the government claims context. "(1) [T]he party to be estopped [here, the District] must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party [here, J.M.] must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." (*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305 (*Driscoll*); see *Orr v. City of Stockton* (2007) 150 Cal.App.4th 622, 635.)

J.M. bases his claim of estoppel on the District's failure to send him written notice of its deemed denial of his late claim application. He contends notice was required by section 911.8, subdivision (a), which provides: "Written notice of the [entity's] action upon the application shall be given . . . ."[5] Again, J.M.'s reading founders on the statute's plain language. Section 911.8 comes into play when an entity *acts* on an application. A deemed denial under section 911.6(c) occurs only when the entity "fails or refuses to act." The Legislature did not require written

---

[5] Section 911.8, subdivision (b) prescribes a warning to the applicant: "If the application is denied, the notice shall include a warning in substantially the following form: [¶] 'WARNING [¶] 'If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied. [¶] 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

8

notice of a deemed denial of a late claim application. J.M. notes that section 913 *does* require written notice if a *claim* is deemed denied by an entity's inaction.**6** However, he fails to acknowledge that before section 913 was amended to include this requirement, it was settled that deemed denial of a claim did not require notice. (*Potstada v. City of Oakland* (1973) 30 Cal.App.3d 1022, 1027; *Denham v. County of Los Angeles* (1968) 259 Cal.App.2d 860, 867.) The Legislature could have, but did not, also alter the rules governing notice of a deemed denial of a late claim application.**7**

Thus, the District was not required to notify J.M. after his application had been pending for 45 days. Furthermore, J.M. does not argue the District intended that he rely on its inaction to his detriment, as would be required for estoppel to apply. (*Driscoll*, *supra*, 67 Cal.2d at p. 305.) As a matter of law, the only possible way for J.M. to have relied on the District's failure to act was to recognize that his application was deemed denied. (§ 911.6(c).) Equitable estoppel generally requires an *affirmative* representation or act by the public entity. (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 480; see *In re Marriage of Comer* (1996) 14 Cal.4th 504, 523.) No such conduct by the District appears on this record.

---

**6** "Written notice of the action taken [on a claim] . . . *or the inaction that is deemed rejection* under Section 912.4 shall be given . . . ." (§ 913, subd. (a), italics added.)

**7** J.M. protests that the statutory scheme sets a trap for the unwary by failing to provide for notice of a deemed denial under section 911.6(c). Yet the time limit for a deemed denial is clearly set out in the statute. Wariness with regard to statutory time limits is a fundamental duty of counsel. It is not for us to rewrite the statute. The Legislature remains free to consider amending section 911.8, subdivision (a) to require notice of a deemed denial, as it has done in section 913.

The doctrine of equitable tolling may also apply to the limitation periods imposed by the claims statutes. *Addison v. State of California* (1978) 21 Cal.3d 313 (*Addison*) recognized "a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." (*Id.* at p. 317; see *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100.) In *Addison*, the plaintiffs presented a timely claim. When it was rejected they filed a federal lawsuit, which was eventually dismissed for lack of jurisdiction. In these circumstances, the period for suing in state court was equitably tolled during the pendency of the federal action. The elements of timely notice, lack of prejudice to the defendant, and reasonable good faith conduct by the plaintiff were satisfied. (*Addison*, at p. 319.)

Here, the Court of Appeal rejected J.M.'s equitable tolling argument because he did not pursue an alternate remedy. J.M. contends he did, by filing a complaint simultaneously with his petition for relief under section 946.6. The complaint does not appear in the record, though a trial court register refers to one. In any event, it is not "reasonable" to pursue a court action when the claims filing requirements have not been satisfied, nor did J.M. ever provide the District with "timely notice." (*Addison*, *supra*, 21 Cal.3d at p. 319; see *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 371 (*Lantzy*) ["equitable tolling should not apply if it is 'inconsistent with the text of the relevant statute' "].) More fundamentally, there was no limitation period that might have been tolled by the filing of a complaint. The period for seeking relief from the District's deemed denial had already expired by the time counsel acted.

We note that pursuit of an alternate remedy is not always required for equitable tolling. The doctrine is applied flexibly to "ensure fundamental practicality and fairness." (*Lantzy*, *supra*, 31 Cal.4th at p. 370; see 3 Witkin, Cal.

10

Procedure (5th ed. 2008) Actions, § 694 et seq., p. 914 et seq.)  But J.M. advances no sufficient basis for equitable tolling here.  "As with other general equitable principles, application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the [Government] Claims Act limitations statute."  (*Addison*, *supra*, 21 Cal.3d at p. 321.)  J.M. fails to establish an injustice.  He simply failed to comply with the claims statutes, missing an easily ascertainable deadline that has been in place for over 50 years.  (See Stats. 1965, ch. 653, § 22, p. 2016.)  If oversight of such plain rules justified equitable relief, the structure of the Government Claims Act would be substantially undermined, and its provisions for timely notice to public entities subverted.

## II.  DISPOSITION

The Court of Appeal's judgment is affirmed.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

11

**CONCURRING OPINION BY LIU, J.**


Although the court correctly concludes that J.M.'s petition for judicial relief was untimely under Government Code section 946.6, subdivision (b), I note that the statutory scheme governing applications for leave to file a late claim raises an apparent anomaly that the Legislature may wish to address.

When a late claim application has been presented to a public entity, the entity "shall grant or deny the application within 45 days." (Gov. Code, § 911.6, subd. (a).) When the "person who sustained the alleged injury, damage or loss was a minor during all of the time specified . . . for the presentation of the claim," the public entity "shall grant the application." (*Id.*, § 911.6, subd. (b)(2); see *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1028 ["the Legislature intended to accord special solicitude to the claims of injured minors"].) If the public entity denies the application, it must notify the minor in writing that the application has been denied and that the minor has six months to contest the denial in court. (Gov. Code, § 911.8, subds. (a), (b).) But if the entity "fails or refuses to act" on the application within 45 days, "the application shall be deemed to have been denied" (*id.*, § 911.6, subd. (c)), and the public entity is not required to notify the minor of the denial or the timeframe for contesting the denial in court. Without such notice, the minor is more likely to miss the petition deadline and thereby forfeit his claims.

Indeed, that is what happened in this case. The Huntington Beach Union High School District (the District) never responded to J.M.'s application for leave to file a late claim. The District has given no reason why it did not grant or otherwise act on the application. After 45 days, the application was deemed denied. The District was not required to give notice to J.M. and did not do so. J.M. then missed the six-month window for petitioning the trial court for relief, and our decision today upholds the dismissal of J.M's petition as untimely.

Thus, despite mandating that a public entity "shall grant or deny the application within 45 days" (Gov. Code, § 911.6, subd. (a)) and that the entity "shall grant the application" if the applicant was a minor during the original timeframe for presenting the claim (*id.*, § 911.6, subd. (b)(2)), the statutory scheme permits the entity to deny the claim by inaction (*id.*, § 911.6, subd. (c)). And if the application is denied by inaction, then the entity is under no obligation to provide the applicant with notice that the application has been denied or that the six-month clock for petitioning the court has started to run. As noted, such notice is required when the entity actively denies an application. (*Id.*, § 911.8, subd. (b).) Written notice is also required when a claim, as opposed to a late claim application, has been deemed rejected by inaction. (*Id.*, § 913, subd. (a).) The Legislature may wish to address this apparent anomaly by extending the same notice requirement to late claim applications deemed denied through inaction or by adopting some other approach.

LIU, J.

WE CONCUR:

CUÉLLAR, J.
KRUGER, J.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** J.M. v. Huntington Beach Union High School District
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 240 Cal.App.4th 1019
**Rehearing Granted**

_____

**Opinion No.** S230510
**Date Filed:** March 6, 2017
_____

**Court:** Superior
**County:** Orange
**Judge:** Kirk H. Nakamura

_____

**Counsel:**

Gusdorff Law, Janet R. Gusdorff; Russell & Lazarus and Christopher E. Russell for Plaintiff and Appellant.

McCune & Harber, Stephen M. Harber and Dominic A. Quiller for Defendant and Respondent.

Thompson & Colegate, Susan Knock Beck; Gordon & Rees and Don Willenburg for Association of Southern California Defense Counsel and the Association of Defense Counsel of Northern California and Nevada as Amici Curiae on behalf of Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Janet R. Gusdorff
Gusdorff Law
4607 Lakeview Canyon Road, Suite 375
Westlake Village, CA  91361
(818) 877-4515

Stephen M. Harber
McCune & Harber
515 S. Figueroa Street, Suite 1100
Los Angeles, CA  90071
(213) 689-2500