[No. F017647. Fifth Dist. Oct. 4, 1993.]

CHRISTOPHER P., a Minor, etc., Plaintiff and Appellant, v.
MOJAVE UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

## COUNSEL

Chain, Younger, Lemucchi, Cohn & Stiles, Timothy Lemucchi and Marshall Scott Fontes for Plaintiff and Appellant.

Robinson, Palmer & Stanton and Gary Logan for Defendants and Respondents.

## OPINION

BEST, P. J.—Christopher P., a minor, through his guardian ad litem (appellant), appeals from an order denying his petition, pursuant to Government

Code section 946.6,[1] for relief from the claim filing statutes. The issue presented is whether Mojave Unified School District (District) is estopped from relying on Christopher's noncompliance with the claims statutes because its employee's admonition to Christopher not to report an incident of sexual molestation prevented timely pursuit of his claim. We hold that such conduct is sufficient to raise an estoppel and reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

According to the evidence presented in support of the petition for relief, 11-year-old Christopher was sexually molested by a District teacher, Curtis Jacquot, during a school field trip on November 9, 1989. After the incident was over, Jacquot told Christopher "not to tell anyone because 'it was not supposed to happen.' Mr. JACQUOT said this in such a way that I felt afraid of what Mr. JACQUOT might do to me." As a result, Christopher did not report the incident until May 16, 1990, when he was questioned by sheriffs' officers who were investigating another sexual abuse complaint against Jacquot. Christopher continued to fear Jacquot might physically harm him even after he reported the molest, although there is no indication Christopher had contact with Jacquot after the molestation.

Jacquot pleaded guilty to a sexual molestation charge on February 13, 1991. Christopher's father, John, believed the court would order Jacquot to pay restitution to Christopher. After Jacquot was sentenced, John realized Christopher would not be compensated through the criminal proceedings and, on April 26, 1991, he retained legal counsel for Christopher. Counsel applied for leave to present a late claim on May 13, 1991. The District denied the application on May 17, 1991.

On November 18, 1991, appellant sought relief from the claims presentation requirements on the grounds of his minority and estoppel, relying on *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948]. The trial court denied the petition concluding appellant's evidence was insufficient to invoke the doctrine of equitable estoppel.

## DISCUSSION

*Is the District equitably estopped from asserting appellant's noncompliance with the claims-presentation statutes because its employee's conduct prevented timely pursuit of the claim?*

Under the Tort Claims Act, a plaintiff may not maintain an action for damages against a public entity unless a written claim has first been presented to the defendant and rejected. (§§ 905, 945.4.) Claims based on

---

[1]All statutory references are to the Government Code.

personal injury causes of action must be presented within six months after accrual of the cause of action. (§ 911.2.) After the time limit has expired, a plaintiff may apply to the public entity for leave to present a late claim. The application must be presented within a reasonable time, not to exceed one year after accrual of the cause of action. (§ 911.4.) If the application is denied, a plaintiff may, within six months, petition the court for an order relieving him from the claims-presentation procedures. (§ 946.6.) The court must grant the petition if, inter alia, the plaintiff demonstrates by a preponderance of the evidence that the application to present a late claim was made within a reasonable time not to exceed one year, and the injured party was a minor during the six-month claim presentation period. (§ 946.6, subd. (c)(2); *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 431 [197 Cal.Rptr. 601, 673 P.2d 271].) ■ Furthermore, ". . . sections 911.6 and 946.6 ensure a minor that when a late-claim application is filed within a year of the accrual of his cause of action, his claim will not be barred because of a delay within that year for which the minor himself is not responsible." (*Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020, 1030 [232 Cal.Rptr. 519, 728 P.2d 1154]; see also *Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 851-852 [147 Cal.Rptr. 452].)

■ The court may also grant relief if it finds the public entity should be equitably estopped from asserting plaintiff's noncompliance with the claims-presentation statutes. (*John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d at p. 445; and see Cal. Government Tort Liability Practice (Cont.Ed.Bar 1992) § 6.70, pp. 731-736.)

Appellant's cause of action accrued on November 9, 1989, when he was molested. (*DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1017 [242 Cal.Rptr. 368].) Therefore, his application on May 13, 1991, to present a late claim, more than 18 months later, was untimely under section 911.4. Appellant concedes his application was not presented within the required one-year period, but submits the court erred in denying his petition because, under *John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d at page 446, he presented sufficient evidence to estop the District from asserting the defense of failure to file a timely claim.

*Standard of Review*

■ The trial court exercises broad discretion in granting or denying petitions for relief under section 946.6 and its determination will not be disturbed on appeal absent an abuse of that discretion. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435.) The rule, however, does not preclude reversal of an order denying relief where adequate cause for the relief is shown by

uncontradicted evidence or affidavits of petitioner. (*Williams* v. *Mariposa County Unified Sch. Dist.*, *supra*, 82 Cal.App.3d at p. 848.) The remedial policies underlying the statute require that whenever possible cases be heard on their merits and any doubts which exist be resolved in favor of the claimant. Therefore, the appellate court examines more rigorously the denial of relief under section 946.6 than its allowance. (*Ebersol* v. *Cowan*, *supra*, 35 Cal.3d at p. 435.)

### Estoppel

A public entity may be estopped from asserting noncompliance with the claims statutes where its agents or employees have deterred the filing of a timely claim by some "affirmative act." (*John R.* v. *Oakland Unified School Dist.*, *supra*, 48 Cal.3d at p. 445.) Estoppel as a bar to a public entity's assertion of the defense of noncompliance arises when the plaintiff establishes by a preponderance of the evidence: (1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) relied upon the conduct to his detriment. (*Johnson* v. *San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 700-701 [266 Cal.Rptr. 187]; *DeYoung* v. *Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 862 [206 Cal.Rptr. 28].)

Estoppel most commonly results from misleading statements about the need for or advisability of a claim. (*Rand* v. *Andreatta* (1964) 60 Cal.2d 846, 850 [36 Cal.Rptr. 846, 389 P.2d 382]; *Dettamanti* v. *Lompoc Union School Dist.* (1956) 143 Cal.App.2d 715, 721 [300 P.2d 78].) Estoppel may also be invoked where conduct on behalf of the public entity induces a reasonably prudent person to avoid seeking legal advice or commencing litigation. (*Bertorelli* v. *City of Tulare* (1986) 180 Cal.App.3d 432, 440 [225 Cal.Rptr. 582].) Finally, acts of violence or intimidation on the part of the public entity that are intended to prevent the filing of· a claim may create an estoppel. (*John R.* v. *Oakland Unified School Dist.*, *supra*, 48 Cal.3d at p. 445.)

John R. was sexually molested on one occasion in February 1981 by his ninth grade mathematics teacher. When John voiced an intent to report the acts, the teacher threatened to retaliate against him if he revealed what had taken place. As a result of the threats, and his embarrassment and shame at what had happened, John did not disclose the incidents to anyone until December 1981. John's late-claim application was not presented to the school district until May 1982, 15 months after the assault. (48 Cal.3d at pp. 442, 444.)

The Court of Appeal concluded that John's late-claim application was made within section 911.4's allowable one-year period because, under the

"delayed discovery" doctrine, his cause of action did not accrue until he told his parents about the incident in December 1981. (*John R.*, *supra*, 48 Cal.3d at p. 444.)

Upon review, the Supreme Court doubted that the delayed discovery theory of accrual applied on these facts, but opined the facts could demonstrate the claim was timely filed under a theory of equitable estoppel. (48 Cal.3d at p. 444.) Although the teacher's alleged threats were no doubt motivated largely by self-interest, rather than to prevent John from filing a claim with the district, it was inconsistent with the equitable underpinnings of the estoppel doctrine to permit the district to escape liability because the teacher's threats succeeded in preventing his victim from disclosing the molestation until the time for filing a claim against the district had lapsed. The court concluded, that for purposes of equitable estoppel, the time for filing a claim against the district was tolled during the period that the teacher's threats prevented plaintiff from pursuing his claim. (*Id.* at pp. 445-446.)

The court remanded the case to the trial court to determine (1) whether any threats were in fact made by the teacher, (2) when the effect of any such threats ceased, and (3) whether plaintiff acted within a reasonable time after the coercive effect of the threats had ended. (48 Cal.3d at p. 446.) In determining when the estoppel ceased to operate, the trial court was to consider the nature of the conduct on which the estoppel was based. In John's case the conduct lacked a clear ending point in light of allegations that the teacher's threats against John continued even after the boy told his parents of the molestations and they were reported to the district and the police. (*Id.* at p. 446, fn. 6.)

■  The trial court in this case found appellant did not establish estoppel under the *John R.* criteria because there was no threat. Appellant's counsel conceded the absence of an express threat but argued, ". . . I certainly think under the circumstances that the threat can be implied and certainly John R. doesn't say that the threat has to be expressed." The following colloquy ensued:

"THE COURT: What can we imply? What am I expected to imply from that, that the teacher threatened to slit his throat, that by implication that the teacher threatened to physically assault or hurt him or by inference I'm supposed to infer that the teacher had threatened to have him thrown out of school? What? What are we to infer?

"MR. FONTES: Well, I'm not sure exactly. I can't jump into Mr. Jacquot's mind and think and tell the court what he planned on doing or anything like that, but I certainly think that from what we presented, you know, the statement was made in a manner where the child became fearful and that a threat of some sort of retaliation can be implied from that.

"THE COURT: Not from the fact that the child became fearful. We have to infer something from what the teacher did or said.

"MR. FONTES: Well—

"THE COURT: And from what the teacher did or said, I suppose that the child is simply making—giving us a vague unspecified conclusion that because of the way the teacher said it, I was fearful. [¶] But in order for us to abide by the holding of John R. versus Oakland, we have to find that a threat was made or we have to at least have some inference that a threat was made. What was the threat? And there is nothing from the evidence in this case that I can see that, Number 1, a threat was made or any evidence from which we can infer that a threat was made. Teacher said one thing and never did another thing all these years and the student said he is fearful. Of course, maybe he is fearful, but I don't think we can relieve you from the provisions of 945.4 on the basis of unreasonable fear on the part of a minor, on the part of the alleged victim."

In our view the trial court construed *John R.*, *supra*, too narrowly. A narrow reading of *John R.* is inconsistent with the general theory of equitable estoppel. In *Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, at page 359 [99 Cal.Rptr. 13, 491 P.2d 805], the court stated that estoppel is available in all circumstances where the government has acted in an unconscionable manner or attempted to take unfair advantage of the claimant. The issue is determined from the totality of the circumstances. (*Id.* at pp. 358-359.)

The purpose of the requirement that claims be filed is to provide the public entity with full information concerning rights asserted against it, so that it may settle those of merit without litigation. Therefore, the public entity cannot frustrate a claimant's ability to comply with the statutes enacted for its benefit and then assert noncompliance as a defense. (6 Cal.3d at pp. 359-360.)

The alleged affirmative act which delayed the filing of a timely claim in this case is a directive not to report the incident because it was not supposed to happen, made immediately after the molest. While a simple directive "not to tell" is distinguishable from the continuing threats of harm should the child disclose the molest that were alleged in *John R.*, it may nevertheless support an estoppel when assessed in light of the circumstances under which it was uttered.

Several circumstances are particularly important in this case. First, the directive not to tell was made by a teacher, a recognized authority figure, to an 11-year-old student. Students generally are expected to follow their teacher's directives. Second, the statement was made in conjunction with a sexual molestation. A common trait of "child sexual abuse accommodation syndrome" is the child's failure to report, or delay in reporting the abuse. The very nature of the underlying tort deters the molested child from reporting the abuse. (See, e.g., *People* v. *McAlpin* (1991) 53 Cal.3d 1289, 1300 [283 Cal.Rptr. 382, 812 P.2d 563]; *People* v. *Housley* (1992) 6 Cal.App.4th 947, 952, 955 [8 Cal.Rptr.2d 431]; *People* v. *Bowker* (1988) 203 Cal.App.3d 385, 389 [249 Cal.Rptr. 886].) Thus, a molestation coupled with a directive not to report the incident may well deter a child from promptly reporting the abuse and thereby protecting his or her right to redress under the Tort Claims Act. Several courts have recognized the possibility that the perpetrator's directive to the victim not to report a sexual molestation may toll the statute of limitations. (See, e.g., *Snyder* v. *Boy Scouts of America, Inc.* (1988) 205 Cal.App.3d 1318, 1324 [253 Cal.Rptr. 156]; *DeRose* v. *Carswell*, *supra*, 196 Cal.App.3d at p. 1026; and see generally Annot., Post Traumatic Syndrome as Tolling Running of Statute of Limitations (1993) 12 A.L.R.5th 546, 555-563.)

Accordingly, we conclude the circumstances presented by this case, if established, are sufficient to support an estoppel. A directive by an authority figure to a child not to tell anyone of the molestation is a sufficient inducement of delay to invoke an estoppel. Whether the District is estopped from asserting as a defense appellant's failure to comply with the claims statutes presents a question of fact for the trial court. Therefore, we remand the case for a determination: (1) whether a directive or admonition not to tell was made in conjunction with the alleged molestation, (2) when the effect of the admonition coupled with the molestation ceased, and (3) whether the appellant acted within a reasonable time, not to exceed one year, after the delay-inducing effect of the molestation and directive ended. (*John R.*, *supra*, 48 Cal.3d at p. 446.)

## DISPOSITION

The order appealed from is reversed and remanded to the trial court.

Ardaiz, J., and Bianchi, J.,* concurred.

Respondents' petition for review by the Supreme Court was denied January 13, 1994. Panelli, J., and Baxter, J., were of the opinion that the petition should be granted.

---

*Retired judge of the Kern Superior Court, sitting under assignment by the Chairperson of the Judicial Council.