Filed 1/27/16  Doe v. Pleasant Valley Baptist Church CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| JANE DOE, | C073030 |
| Plaintiff and Appellant, | (Super. Ct. No. 152453) |
| v. | |
| PLEASANT VALLEY BAPTIST CHURCH et al., | |
| Defendants and Respondents. | |

Plaintiff Jane Doe appeals from a judgment of dismissal following the trial court's sustaining of a demurrer to her second amended complaint alleging "Childhood Sexual Abuse and Negligence" against defendants Pleasant Valley Baptist Church (Church) and Tim Ruhl, pastor of the church and principal of the church high school plaintiff attended. Plaintiff alleges these defendants caused her "betrayal trauma" and "secondary victimization" by being insensitive to her in their handling of her report in 2003, at age

1

14, that youth pastor and teacher David Jorgensen had sexually molested her. Jorgensen is not a party to this appeal.

Plaintiff filed this lawsuit on December 10, 2010, alleging negligence and infliction of emotional distress against Church and Ruhl. The trial court ruled the lawsuit was barred by the two-year statute of limitations of Code of Civil Procedure section 335.1 for injury "caused by the wrongful act or neglect of another," tolled until plaintiff turned 18, the age of majority (§ 352). (Undesignated statutory references are to the Code of Civil Procedure.)

The operative pleading in this appeal, the second amended complaint, labels the claim as one of "Childhood Sexual Abuse and Negligence," hoping to invoke the longer statute of limitations of section 340.1 for civil actions based upon sexual abuse of a minor. However, with respect to liability of third parties who are not the actual perpetrators of sexual abuse, section 340.1 applies only to such third parties whose breach of a duty of care or intentional misconduct was "a legal cause of the childhood sexual abuse."

We conclude the complaint fails to allege facts warranting the extended limitations period of section 340.1. To the extent plaintiff invokes common law doctrines of delayed discovery and equitable estoppel, they are inapplicable as a matter of law.

We affirm the judgment of dismissal.

FACTS AND PROCEEDINGS

Plaintiff first initiated this lawsuit with a complaint filed December 10, 2010, alleging Jorgensen molested her from April 2002 until April 2003. Plaintiff alleged six counts: (1) negligence, (2) battery, (3) sexual battery (Civ. Code, § 1708.5), (4) intentional or reckless infliction of emotional distress, (5) Unruh Civil Rights violation, and (6) defamation. She later dismissed the defamation count without prejudice.

2

Church and Ruhl filed a motion for summary judgment or summary adjudication on various grounds supported by deposition testimony, including lack of basis for vicarious liability for Jorgensen's misconduct. In opposition, plaintiff submitted her own declaration.

Before resolution of the summary judgment motion, Church and Ruhl filed a motion for judgment on the pleadings, arguing all counts were barred by the two-year statute of limitations for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." (§ 335.1.) The trial court granted judgment on the pleadings but allowed plaintiff leave to amend the complaint. The court ruled the summary judgment motion moot.

On June 26, 2012, plaintiff filed her first amended complaint alleging counts for Childhood Sexual Abuse and Negligence, battery, sexual battery, and infliction of emotional distress. Church and Ruhl filed a demurrer on statute of limitations grounds. The trial court sustained the demurrer but granted plaintiff leave to amend the first count.

On October 4, 2012, plaintiff filed the operative pleading, the second amended complaint, alleging one cause of action against Church and Ruhl for "Childhood Sexual Abuse and Negligence." The other counts (battery, sexual battery, and infliction of emotional distress) were alleged against Jorgensen only.

The second amended complaint alleged Jorgensen sexually molested plaintiff from April 2002 to April 2003. Plaintiff informed Ruhl, who kept Jorgensen employed for seven days. Plaintiff alleged a special relationship with Ruhl and Church. She alleged that, upon her describing Jorgensen's misconduct to Ruhl, "state law required Defendant RUHL to immediately report JORGENSEN's conduct to law enforcement authorities and to take reasonable steps to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by Defendant JORGENSEN." Plaintiff alleged Ruhl breached his duties in that he failed to notify law enforcement immediately (Pen. Code, §§ 11165.7, 11165.14), failed to provide her with a support person during interviews

3

(Pen. Code, § 11174.3), and failed to comply with Penal Code section 11164, which provides, "In any investigation of suspected child abuse or neglect, all persons participating in the investigation . . . shall consider the needs of the child victim and shall do whatever is necessary to prevent psychological harm to the child victim." Plaintiff alleged Ruhl breached his duty to her "by retaining . . . JORGENSEN in church employment for seven (7) days." The pleading did not allege that any sexual abuse occurred after plaintiff reported it to Ruhl.

Plaintiff alleged Church and Ruhl had a duty to protect her from "secondary victimization" which psychologists allegedly described as occurring "when the societal response to a victimizing stigma is more disabling than the primary stigmatic condition itself."

Plaintiff alleged Ruhl "engaged in the secondary victimization of Plaintiff DOE by committing the following acts:

"1. RUHL interviewed Plaintiff without a comfort person to support Plaintiff;

"2. RUHL accused Plaintiff of falsehood and fantasy;

"3. RUHL argued that Plaintiff needed proof other than her factual eyewitness description of the offense;

"4. RUHL forced Plaintiff to repeat her allegations in the presence of Plaintiff's parents who were themselves under the deep influence of RUHL;

"5. RUHL forced Plaintiff to repeat her allegations against JORGENSEN in the presence of JORGENSEN while [he] was seated behind an office desk next to RUHL;

"6. JORGENSEN was allowed to confront, contradict and discount Plaintiff's accusations in the presence of RUHL, in RUHL's office, with the support and imprimatur of RUHL's authority;

"7. RUHL failed and refused to provide psychological counseling or assistance upon learning of Plaintiff's reported trauma, during the confrontational settings in RUHL's office or at any time thereafter;

4

"8.  RUHL threatened Plaintiff not to disclose her molestation by JORGENSEN to any other persons;

"9.  Upon learning that Plaintiff had disclosed her molestation to others, RUHL confronted Plaintiff and expelled Plaintiff from the church school but when confronted by Plaintiff's mother, relented and allowed Plaintiff to return to school;

"10.  RUHL praised JORGENSEN after learning of JORGENSEN's confession to Plaintiff's molestation accusations;

"11.  RUHL wrote laudatory letters on behalf of JORGENSEN to [his] sentencing judge; and

"12.  Two weeks before her graduation from the church high school, RUHL expelled Plaintiff denying her a high school graduation in retaliation for reporting JORGENSEN's sexual molest."

The second amended complaint alleged Ruhl's conduct toward plaintiff "following his knowledge of her molestation" created in her " 'betrayal trauma,' caused when a person or institution upon whom the victim depends . . . for emotional support and personal security, takes up the cause of the very person who betrayed Plaintiff's trust and security."

Plaintiff alleged that, after she missed her high school graduation, she stayed in Chico for awhile, then moved to Montana, then Alaska, then Scotland and England, then Australia, then back to Scotland.  She returned to Chico in January 2010.  Within two years before filing this lawsuit, she started treatment with a clinical psychologist.  Only through therapy did she "discover" that her psychological problems (depression, anxiety, obsessive compulsive disorder (OCD), and suicidal ideation) were "caused equally" by Jorgensen molesting her and the "aforementioned treatment" by Church and Ruhl.

Plaintiff alleged:  "In addition to [Ruhl's and Church's] policy of training students to revere and obey teachers and pastors without questions, Defendants and each of them, failed to instruct, train, inform students about how to properly defend themselves against

5

sexual predators to whom they might be exposed. The combined absence of defensive information coupled with a reverence to church authority created an environment making a minor especially vulnerable to sexual predation. Sex education or family life education was intentionally omitted from the [Church] curriculum. [¶] Accordingly, as noted by both Plaintiff's treating psychologist and Defendant's independent medical examiner, the trauma Plaintiff experienced in her initial molestation was greatly enlarged by the *subsequent* conduct of Defendant Ruhl which boiled down to its central impact on Plaintiff and constituted 'secondary victimization' of Plaintiff and 'betrayal trauma.' Therefore in doing the acts set forth herein, [Ruhl and Church] committed the act of negligent childhood sexual abuse." (Italics added.)

Upon the stipulation of all parties, the trial court approved a good faith settlement between plaintiff and Jorgensen and entered a dismissal of Jorgensen with prejudice.

Church and Ruhl demurred and moved to strike the Second Amended Complaint on grounds that (1) it is barred by the statute of limitations, and (2) it fails to state facts sufficient to constitute a cause of action against the Church or Ruhl for childhood sexual abuse/negligence. Church and Ruhl argued the attempt to allege third party liability against them for Jorgensen's sexual abuse of a minor was inconsistent with plaintiff's declaration in opposition to summary judgment, in which she described the acts of "childhood sexual abuse," all committed by Jorgensen, and all committed before plaintiff reported the abuse to Ruhl. Defendants also noted the declaration was inconsistent with any claim of delayed discovery.

In opposition to the demurrer, plaintiff did not object to consideration of her declaration but instead argued her declaration was not inconsistent because there was no prior need to address delayed discovery. Plaintiff did not address the point that her declaration did not disclose any sexual abuse occurring after her report to Ruhl.

6

The trial court denied the motion to strike, concluded the lawsuit against Church and Ruhl was barred by the statute of limitations, and sustained the demurrer without leave to amend.

DISCUSSION

I

*Standard of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, . . . [t]he reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. . . .' However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) The burden is on the appellant to show a reasonable possibility of curing a defect. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Our review is de novo. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)

II

*Applicable Statute of Limitations is Section 335.1, Not Section 340.1*

Section 335.1 sets a two-year statute of limitations for actions for injury to an individual "caused by the wrongful act or neglect of another." Where a cause of action accrues while the plaintiff is a minor, the two-year limitations period is tolled until the plaintiff reaches the age of majority. (§ 352.)

7

Here, the two-year period began to run on plaintiff's 18th birthday in April 2006 and expired in April 2008. Her lawsuit filed on December 10, 2010, was too late.

Plaintiff argues her case is governed by section 340.1, which affords an extended statute of limitations in civil actions for child sex abuse. However, section 340.1 by its own terms applies only against perpetrators of sexual abuse or third parties whose negligent or intentional acts were a "legal cause of the childhood sexual abuse."

Section 340.1 provides in part:

"(a)  In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions:

"(1)  An action against any person for committing an act of childhood sexual abuse.

"(2)  An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff.

"(3)  An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff.

"(b)(1)  No action described in paragraph (2) or (3) of subdivision (a) may be commenced on or after the plaintiff's 26th birthday.

"(2)  This subdivision does not apply if the person or entity knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that

8

person, including, but not limited to, preventing or avoiding placement of that person in a function or environment in which contact with children is an inherent part of that function or environment.  For purposes of this subdivision, providing or requiring counseling is not sufficient, in and of itself, to constitute a reasonable step or reasonable safeguard.  [¶] . . . [¶]

"(e)  'Childhood sexual abuse' as used in this section includes any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by [some or all subdivisions of Penal Code sections 266j, 285, 286, 288, 288a, 289, 647.6]; or any prior laws of this state of similar effect at the time the act was committed.  Nothing in this subdivision limits the availability of causes of action permitted under subdivision (a), including causes of action against persons or entities other than the alleged perpetrator of the abuse. . . ."

Plaintiff apparently assumes that, because section 340.1 applies not only to the molester but also to "third part[ies]," it must apply here.  She spends most of her appellate brief arguing she is entitled to the delayed discovery provision in section 340.1.

But plaintiff fails to show section 340.1 applies at all.  By its own terms, it applies only to third parties whose conduct was "a legal cause of the childhood sexual abuse."  The Second Amended Complaint contained no factual allegations that Church or Ruhl was a legal cause of sexual abuse.  There was no allegation that any sexual abuse occurred after the report to Ruhl.  There was no allegation that Church or Ruhl knew or should have known of any prior acts of sexual abuse by Jorgensen (and did not even allege that there were any such prior incidents with other victims).  The complaint did not allege negligent hiring, retention, or supervision of Jorgensen, or failure to protect from further sexual abuse.  Thus, this case is distinguishable from plaintiff's cited authority, *Quarry v. Doe I* (2012) 53 Cal.4th 945 (*Quarry*), in which victims sued a bishop, alleging he was liable for sexual abuse committed by a parish priest because the priest was under the bishop's direct supervision, employ, and control.  (*Id.* at p. 953.)  The complaint

9

alleged Doe defendants in the diocese knew or had reason to know the priest had committed unlawful sexual abuse in the past and failed to execute their duty to take reasonable steps to prevent future acts of sexual misconduct, such as by preventing him from working in contact with children. (*Ibid.*) The complaint alleged negligent hiring, retention, and supervision of the priest despite knowledge of his prior acts of sexual abuse, and negligent failure to protect the plaintiffs or warn them of their peril. (*Id.* at p. 954.) There was no dispute in *Quarry* that section 340.1 applied. Applying section 340.1, the Supreme Court held the lawsuit was untimely because the plaintiffs' claims lapsed in 1998 and were not filed within a one-year revival period authorized by the Legislature in 2002. (*Id.* at pp. 968-972.) The *Quarry* court had no reason to address or decide the matter at issue in this appeal, and therefore the opinion does not help plaintiff.

Here, the complaint alleged state law required Ruhl "to take reasonable steps to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future," but the complaint acknowledged defendants fired Jorgensen seven days after they learned of the sexual abuse. Plaintiff did not allege that Jorgensen committed any act of sexual abuse after she told Ruhl about the sexual abuse.

Rather, plaintiff sues Church and Ruhl for Ruhl's affirmative conduct in what plaintiff calls "secondary victimization" and "betrayal trauma." Although the complaint alleges defendants fostered reverence to church authority and failed to give defensive training to students, the complaint specifically alleged the "secondary victimization" and "betrayal trauma" were acts *subsequent* to her report that she was molested. These are allegations of mere negligence, not childhood sexual abuse. Such allegations are beyond the scope of third party liability under the plain language of section 340.1. Plaintiff presents no authority or reasoning to depart from the plain language.

Thus, section 340.1 does not apply. Plaintiff's lawsuit is governed by the two-year limitations period of section 335.1, tolled during her minority (§ 352). All acts alleged against defendants occurred before plaintiff reached the age of majority (18) in April

10

2006.  Thus, the two-year limitations period began to run in April 2006, and expired in April 2008.  Plaintiff filed her complaint on December 10, 2010.

The lawsuit is untimely.

### III

*Common Law Delayed Discovery Doctrine Does Not Apply*

It is not clear whether plaintiff on appeal invokes the common law doctrine of delayed discovery to extend section 335.1's two-year limitations period.  She did raise the point at the hearing on the demurrer.  To the extent she means to raise it on appeal, it does not save her lawsuit.

Under the common law delayed discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.  (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398.)

Here, plaintiff alleged she did not realize Church and Ruhl were a cause of her psychological problems until she started therapy in 2010.  However, plaintiff should have suspected that Ruhl did something wrong from his acts as alleged in the complaint, e.g., that he accused her of lying, made her repeat what happened in front of her parents and Jorgensen, threatened her not to tell anyone else, and expelled her in retaliation for reporting the molestation.  Moreover, the theory -- that plaintiff was unaware adult psychological injuries were caused by childhood abuse -- was not accepted under the common law as a ground for application of the delayed discovery rule.  (*Quarry, supra*, 53 Cal.4th at pp.  961, fn. 5, & 984.)  The Supreme Court also concluded common law delayed discovery principles do not survive in parallel with the very specific provisions of section 340.1.  (*Id*. at pp. 983-984.)

The common law doctrine of delayed discovery has no place here.

11

IV

*Equitable Estoppel*

We consider plaintiff's equitable estoppel argument despite defendants' view that she forfeited it by failing to raise it in the trial court. (§ 472c, subd. (a) ["When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made"]; *Connerly v. State of California* (2014) 229 Cal.App.4th 457, 460 [plaintiff may argue new theory on appeal from demurrer but must indicate how complaint can be amended to encompass new theory].)

Plaintiff fails to show any basis for equitable estoppel. The doctrine of equitable estoppel is " 'founded on concepts of equity and fair dealing. It provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment. The elements of the doctrine are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' " (*City of Goleta v. Superior Court* (2006) 40 Cal.4th 270, 279.)

The complaint does not allege these elements, particularly the last three, and plaintiff on appeal does not even try to claim she can amend to allege them. She cites *Christopher P. v. Mojave Unified School Dist.* (1993) 19 Cal.App.4th 165, which held a teacher's directive to his child victim, not to tell anyone of the molestation, was a sufficient inducement of delay to equitably estop the defendant from asserting the statute of limitations. (*Id.* at pp. 170-173 [remand for factual determinations].)

Plaintiff claims her second amended complaint sufficed for equitable estoppel because it alleged the Church and Ruhl were in positions of supervision and guidance

12

over plaintiff; Ruhl accused her of lying and threatened her not to disclose the molestation to others and, when he thought she had done so, he expelled her; and "[a]s if to increase his authority over Plaintiff" Ruhl expelled her a second time weeks before graduation in alleged retaliation for reporting the molestation. None of this prevented plaintiff from filing a timely lawsuit, and there is no allegation that plaintiff refrained from filing suit in reliance on anything Church or Ruhl did or did not do.

Plaintiff's appellate brief says that, while she did report the molestation, "she did not comprehend the subtleties of Ruhl's conduct on her. Ruhl told her not to disclose Jorgensen's conduct. Ruhl occupied a place of great authority over her both as her school principal and as her pastor. Not until she left home and traveled abroad was she free to see the event through a different perspective. But only . . . through therapy, did she come to realize the harm in the betrayal and oppression of [the Church] as exhibited in the person of Ruhl."

This is a delayed discovery argument, which we have already rejected, not an equitable estoppel argument.

Plaintiff fails to show any basis for equitable estoppel.

We conclude the trial court properly sustained the demurrer to the second amended complaint without leave to amend.

DISPOSITION

The judgment of dismissal is affirmed. Church and Ruhl shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

                                                  _____HULL_____, J.

We concur:

_____RAYE_____, P. J.

_____MAURO_____, J.