Filed 9/14/22  George v. Voong CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICHARD GEORGE,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>M. VOONG, et al.,<br><br>       Defendants and Respondents. | A158226<br><br>(Solano County<br>Super. Ct. No. FCS052122) |

The underlying lawsuit was filed by appellant Richard George, an inmate who alleged that prison officials wrongfully denied him access to overnight visitation with family members.  The prison employees that he sued—respondents M. Voong, C. Cagnina, M. McComas, N. Justin, and R. Neuschmidas—filed a demurrer contending, among other things, that he had failed to comply with the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.; the Act).[1]  The trial court sustained the demurrer without leave to amend for failure to exhaust administrative remedies and for failure comply with the Act.  Judgment was entered in favor of respondents.

_____

[1] All further undesignated statutory references are to the Government Code.

1

As explained below, the record confirms that appellant failed to present his claim under the Act within six months after his cause of action accrued. In addition, he did not file a petition for relief from the Act's claim presentation requirements after his claim was denied as untimely, and thus failed to meet the six-month limitation period for such a petition. (§ 946.6, subd. (b).)  Consequently, his lawsuit is barred by his failure to comply with the Act.  We therefore affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant is serving a state prison sentence of life without the possibility of parole for first degree murder, two counts of second degree robbery, and assault with force likely to produce great bodily injury.[2]

On November 30, 2017, appellant attended an initial review hearing before the Department of Corrections and Rehabilitation Classification Committee (Committee) at California State Prison Solano.  The Committee concluded that visitation restrictions were warranted due to appellant's "conviction [for] PC 273.5(a)(02) Inflict Corporal Injury on Spouse/Cohabitant dated 9/12/95."[3]  The Committee further noted that appellant currently had a "non-contact only for disciplinary until 12/11/17."

---

[2] "On November 22, 2005, a jury found [appellant] guilty of first degree murder committed during the course of a robbery, two counts of robbery, and one count of assault by means of force likely to produce great bodily injury."  In a bifurcated trial, the trial court found four prior prison term allegations to be true.  "On January 4, 2006, the trial court sentenced [appellant] to serve life without parole plus seven years."  (*George v. Almager* (S.D.Cal. 2008) 674 F.Supp.2d 1160, 1179.)  Appellant's conviction was affirmed by the Fourth District in *People v. George* (May 25, 2007, D047826) [nonpub. opn.].

[3] Title 15, California Code of Regulations section 3177 allows eligible inmates to have overnight visits with their immediate family members. Section 3177(b)(1) states: "Family visits *shall not* be permitted for inmates

2

In January 2018, appellant submitted a California Department of Corrections and Rehabilitation (CDCR) 602 inmate appeal form to prison officials stating his disagreement with the Committee's decision to withhold overnight family visitation privileges. The appeal was denied, again based on his conviction under section 273.5.

Appellant pursued his grievance through the second and third levels of appeal. The third level appeal decision was dated June 18, 2018. It stated that appellant's appeal was being cancelled because he had failed to file his appeal in a timely manner, even though he had the opportunity to file within the prescribed time constraints. The decision noted that the initial appeal had not been received until January 4, 2018, which exceeded the applicable 30-day appeal period by five days. Although his appeal had been "inappropriately accepted" for processing, this did not preclude the next level of review from rejecting the appeal as untimely.

On June 29, 2018, appellant signed and dated a Government Claim Form (Form). The Form was stamped as having been received on July 11, 2018 by the Department of General Services' Government Claims Program (GCP). In an attachment, appellant acknowledged he had filed the claim more than six months after the Committee's visitation determination, explaining that "This issue had to go through the appeal process before it could be addressed at this level."

The GCP sent appellant a letter dated August 14, 2018, stating it had received the claim he had presented on July, 9, 2018.[4] The letter noted that

_____

convicted of a violent offense [involving] a minor or family member or any sex offense." (Italics added.) The designated disqualifying offenses include section 273.5. (Cal.Code.Regs, tit. 15, § 3177(b)(1).)

[4] While the letter states that the claim was presented on July 9, 2018, the claim is stamped as having been received on July 11, 2018. We agree

3

staff had reviewed his claim and determined that the cause of action accrued on November 30, 2017, "more than six months prior to the presentation date of the claim. Therefore, the claim was presented late, pursuant to Government Code section 911.2." The letter went on to state: "You enclosed with your claim an application for leave to present a late claim (late application). [¶] GCP staff is reviewing the late application to determine if it meets the requirements of the Government Code. The length of the review process can vary because GCP staff may request input from the California Department of Justice to aid its analysis. After completing the review, GCP staff will provide notice of its final determination."

Subsequently, the GCP sent appellant a letter dated August 30, 2018, stating "the late application is denied for failure to meet the requirements of Government Code section 911.6."[5] The letter advised appellant that his recourse was to file a petition in court and seek relief from the requirements of the Government Code. The letter advised that such a petition had to be filed within six months.

On January 8, 2019, appellant's complaint was received and filed by the Solano County Superior Court. Appellant used the Judicial Council's personal injury complaint form and attached causes of action for general negligence and intentional tort liability. He included a request for exemplary damages of $1.5 million for mental and psychological damages. He further alleged that he had complied with the applicable claims presentation requirement. The complaint named respondents as the defendants.

---

with the Attorney General that the inconsistency is immaterial because the claim was untimely under either date.

[5] The letter erroneously stated that appellant had submitted his application for leave to file a late claim on "11/13/2017."

4

In March 2019, respondents filed a demurrer. They asserted that appellant had failed to comply with the requirements of the Act because he failed to file a petition for leave to file a late claim.[6] They also filed a request for judicial notice, a motion to strike the claim for punitive damages, and a motion to depose appellant. Appellant filed oppositions and a motion to strike.

The hearing on the demurrer and the parties' motions was held on June 26, 2019. On that date, appellant and defense counsel appeared by CourtCall, the trial court announced its tentative ruling, and the parties presented argument. The court found appellant had failed to exhaust all administrative remedies and failed to comply with the Act's claims presentation requirements for suits against a public entity. The court sustained respondents' demurrer without leave to amend. The court also denied as moot defendants' motion to strike and motion to take appellant's deposition, and denied appellant's motion to strike. In its written order, the court also sustained the demurrer on additional grounds, including that appellant had failed to identify any statutory basis of his claim, had failed to set forth facts to substantiate his claims, and that the respondents were immune from suit under section 820.8.

On July 11, 2019, the trial court entered judgment in favor of respondents. This appeal followed.

---

[6] For reasons that are unexplained, respondents' demurrer and the parties' other motions are not contained in the record on appeal. However, the reporter's transcript of the June 26, 2019 hearing describes the substance of the various pleadings.

5

## II.

## DISCUSSION

In his opening brief, appellant repeatedly asserts that respondents violated his rights by depriving him of access to overnight family visitation. Nowhere in his brief does he address the trial court's procedural justifications for sustaining the demurrer. Specifically, appellant does not address his failure to comply with the Act's claim presentation requirements. He also does not argue that the defects in his complaint can be cured by amendment. We conclude the trial court properly sustained respondents' demurrer without leave to amend for failure to comply with the Act's claim filing requirements.

## A.     Standard of Review

A demurrer tests the sufficiency of a complaint by raising questions of law. (*Rader Co. v. Stone* (1986) 178 Cal.App.3d 10, 20.) In determining the merits of a demurrer, all material facts pleaded in the complaint and those that arise by reasonable implication, but not conclusions of fact or law, are deemed admitted by the demurring party. (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 638.) In addition to the facts actually pleaded, the court considers facts of which it may or must take judicial notice. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

We conduct an independent review of the trial court's order sustaining the demurrer. (*Neilson v. City of California City* (2005) 133 Cal.App.4th 1296, 1305.) When a demurrer is sustained without leave to amend, the decision not to grant leave to amend is subject to review for an abuse of discretion. To establish an abuse of discretion, the plaintiff has the burden of demonstrating there is a reasonable possibility any defect identified can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

6

**B.      Claim Presentation Requirements**

Inmate lawsuits alleging state law causes of action against prison officials are generally subject to the claim presentation requirements of the Act.  Compliance with the Act's requirements is a condition precedent to maintaining a tort action and, therefore, compliance is treated as an essential element of the cause of action that must be pleaded.  (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239-1240.)  Thus, the failure to allege facts demonstrating or excusing compliance with the claim presentation requirements of the Act subjects a claim against a public entity or employee to a demurrer for failure to state a cause of action.  (*Id.* at p. 1239; see *Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1382 (*Parthemore*).)

**C.      Absence of a Timely Claim**

Section 911.2 provides that a written claim for personal injury damages must be presented to the state "not later than six months after the accrual of the cause of action."  (§ 911.2, subd. (a).)  "The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. [Citations.]" (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776.)

Appellant alleged he suffered mental and psychological harm caused by the Committee's November 30, 2017 decision denying him overnight family visitation.  Thus, his causes of action for negligence and intentional tort accrued on that date for purposes of the Act.  Based on this accrual date and

7

the six-month claim presentation period, appellant was required to submit his claim for damages on or before May 30, 2018.

Respondents' request for judicial notice in the trial court included a copy of the government claim form received by the GCP on July 11, 2018, and correspondence sent to appellant in response to his claim. As noted above, appellant's signature on the form was dated June 29, 2018, and the form identified the date of the incident as November 30, 2017.

Appellant included a separate attachment with his claim form, explaining that the late filing was caused by the prison appeal process. However, "the cases make it plain that [a] plaintiff's obligation to exhaust the administrative remedies available to prisoners ... is independent of the obligation to comply with the Government Claims Act." (*Parthemore, supra,* 221 Cal.App.4th at p. 1382.) More specifically, "the doctrine of equitable tolling cannot be invoked to suspend section 911.2's six-month deadline for filing a prerequisite government claim." (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1121.) In other words, "the six-month period of section 911.2 is not a statute of limitations [citation] to which tolling rules might apply." (*Ibid.*) Consequently, appellant's six-month period for presenting a claim under the Act was not tolled while he pursued his inmate grievance through the three formal levels of appeal. Because equitable tolling does not apply, the period in which appellant was required to present a claim was not extended past the May 30, 2018 deadline set by the six-month period in section 911.2, subdivision (a). Therefore, the claim form appellant mailed in July 2018 was not timely.

## D.   Application to Present a Late Claim

When a claim is not presented within the six-month period, "a written application may be made to the public entity for leave to present that claim."

(§ 911.4, subd. (a).) The reviewing board is required to grant or deny such an application within 45 days after it is presented. (§ 911.6, subd. (a).) The grounds on which an application may be granted are set forth in section 911.6, subdivision (b).

Here, appellant's claim form, with his explanation for why it was not filed within six months of the incident, was treated as an application to file a late claim. GCP's August 30, 2018 letter informed appellant that his application to present a late claim was "denied for failure to meet the requirements of Government Code section 911.6." The letter also advised: "Your recourse, should you wish to pursue the matter further, is to file a petition in court for relief from the requirements of Government Code Section 945.4. You will have six months from the date of this notice to file a petition: If the courts grant the petition, you will have 30 days from the date the petition is granted to file suit on the cause of action to which this claim relates."

E.    **Petition for Relief**

When a late claim application is denied by the public entity, the applicant's last recourse is to petition the superior court for relief from the claim presentation requirements. (*J.M. v. Huntington Beach High School Dist.* (2017) 2 Cal.5th 648, 653 (*J.M.*).) "The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." (§ 946.6, subd. (b), italics added.) The California Supreme Court has described this time limit by stating: "The six-month period 'operates as a statute of limitations. It is mandatory, not discretionary.' [Citations.]" (*J.M., supra,* 2 Cal.5th at pp. 653-656.)

Here, appellant's application to file a late claim was denied by the GCP on August 30, 2018. Pursuant to section 946.6, he was required to file a

9

petition for relief with the superior court within six months. He did not file a petition.[7] Instead, four months and 10 days after the application was denied, he filed a personal injury complaint. In such circumstances—i.e., where "the public entity denies an application for leave to file a late claim"—the claimant's only recourse is to "obtain a court order for relief from the requirements of the claims act *before filing suit*." (*City of Los Angeles v. Superior Court* (1993) 14 Cal.App.4th 621, 627 (italics added).) Appellant did not petition for relief from the Act's claim presentation requirements before he filed this lawsuit, and the time to do so has since passed. Accordingly, the trial court properly sustained the demurrer without leave to amend because appellant failed to comply with the claim filing requirements of the Act.[8]

## F.    Judicial Bias

Appellant briefly complains that the trial court judge was biased against him, violating his right to due process. However, below he did not use the statutory procedure to disqualify the judge, and his claims of bias lack specificity and are substantively without merit.

A party seeking disqualification of a judge must do so at the earliest practicable opportunity after discovery of the facts constituting the grounds for disqualification. (*People v. Scott* (1997) 15 Cal.4th 1188, 1205-1207.) It is too late to raise the issue for the first time on appeal and such a claim is

---

[7] During oral argument, appellant explained that, as an inmate, he is dependent on prison staff to process his mail in a timely manner. While we acknowledge it is possible the late filing of his administrative appeal was caused by institutional mail delay, it is clear that he could have filed a timely petition for relief from the claims presentation requirement in the superior court since he filed his complaint well before the six-month deadline for filing a petition for relief had expired.

[8] Appellant's request for judicial notice is denied as unnecessary to our decision.

10

forfeited. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1110-1111, disapproved on other grounds in *People v. Rundle* (2008) 43 Cal.4th 76, 151.) Appellant failed to seek disqualification of the trial judge. This issue has thus been forfeited for appellate review. Regardless, the mere fact that the trial court issued rulings and made factual findings adverse to appellant does not indicate an appearance of bias, let alone demonstrate actual bias. (See *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 59-60 ["While we conclude the court erred in several respects, the leap from erroneous rulings to the appearance of bias is one we decline to make"].)

## III.

## DISPOSITION

The judgment is affirmed. Each side to bear their own costs on appeal.

WISS, J.*

WE CONCUR:


HUMES, P. J.



BANKE, J.










A158226N


---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.