Filed 4/16/24

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF SANTA CRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CRUZ COUNTY,<br><br>    Respondent;<br><br>COUNTY OF SANTA CRUZ,<br><br>    Real Party in Interest. | H050881<br>(Santa Cruz County<br>Super. Ct. No. 22CV01094) |


**INTRODUCTION**

The issue in this case is whether real party in interest County of Santa Cruz (County) was required to present its claim for money or damages to petitioner City of Santa Cruz (City) before suing the City. The Government Claims Act (Gov. Code, § 810 et seq.)[1] generally requires a party to present a claim for money or damages directly to a public entity before filing a lawsuit. Section 905 of the Government Claims Act "except[s]" certain types of claims from this presentation requirement, including claims brought by a local public entity such as the County. (§ 905, subd. (i).) However, section 935 authorizes a local public entity, such as the City, to adopt a claim

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

presentation ordinance for claims "which are excepted by Section 905" from the claim presentation requirement of the Government Claims Act. (§ 935, subd. (a).) The City adopted a claim presentation ordinance which, according to the language of the ordinance, applies to "[c]laims against the City of Santa Cruz for money or damages which are *not governed by* California Government Code section 905 . . ." (Santa Cruz Mun. Code, § 1.14.010, italics added.)

In this case, the County sued the City for money or damages and alleged in the operative complaint that a claim was not required to be presented to the City before the lawsuit was filed. The City demurred on various grounds, including that the complaint was barred because the County failed to plead that it had presented a claim directly to the City pursuant to the City's claim presentation ordinance (Santa Cruz Mun. Code, § 1.14.010). In sustaining in part and overruling in part the City's demurrer, the trial court specifically rejected this ground for the demurrer. The court determined that while the ordinance applies to claims that are "not governed by" section 905 (Santa Cruz Mun. Code, § 1.14.010), "[t]he County's claim against the City . . . *is governed* by [section] 905 which provides an exception to the claims presentation requirement for the County's claim against the City."

The City filed the instant petition for a writ of mandate, seeking to have the trial court vacate its demurrer order and to enter a new order sustaining the demurrer without leave to amend for failure to present a claim to the City. The City argues that the language of its claim presentation ordinance which applies to claims "not governed by" section 905 (Santa Cruz Mun. Code, § 1.14.010) must be interpreted as applying to claims "except[ed]" from section 905 (§ 905) in view of the construction and intent of the ordinance as well as the similar language contained in other cities' claim presentation ordinances.

For reasons that we will explain, we agree with the City's interpretation and determine that the City's ordinance, which applies to "[c]laims . . . which are *not*

2

*governed by* California Government Code section 905," encompasses the claims that section 905 has "*except*[*ed*]" from the claim presentation requirement of the Government Claims Act. (Santa Cruz Mun. Code, § 1.14.010, italics added; § 905, subd. (i), italics added.) We therefore conclude that the trial court erred in determining that the County was not required to comply with the claim presentation ordinance before filing its lawsuit against the City. Regarding leave to amend, the County has indicated its intent to seek leave to amend in the trial court to add a cause of action that is not subject to the claim presentation requirement. We will therefore issue a peremptory writ of mandate directing respondent court to vacate its demurrer order, to enter a new order sustaining the demurrer, and to decide in the first instance whether the County should be granted leave to amend.

## II. BACKGROUND

### A. *The County's First Amended Complaint*

The County filed the operative first amended complaint alleging that it incurred more than $1.2 million in costs for emergency repairs to a portion of Capitola Road and the surrounding area, which are located within the jurisdiction of the City. According to the County, the emergency repairs were necessitated by the City's failure to maintain and manage the area, including the "outfall" from certain drainage pipes, which "severely compromised the structural integrity of a portion of Capitola Road" and caused the road to be at imminent risk for structural failure and collapse. The County alleged causes of action against the City for (1) dangerous condition of public property, (2) trespass, (3) nuisance, (4) waste, (5) indemnity and contribution, (6) removal of lateral and "subadjacent" (sic) support, (7) declaratory relief, (8) account stated, and (9) goods and services rendered. The County further alleged that pursuant to section 905,

3

subdivision (i), it was not required to present a claim to the City before bringing the lawsuit against the City.[2]

## B. *The City's Demurrer*

The City demurred to the first amended complaint on various grounds including, as relevant here, that the complaint was barred because the County failed to plead that it had filed a claim with the City pursuant to the Government Claims Act and Santa Cruz Municipal Code section 1.14.010.

## C. *The County's Opposition*

In opposition to the demurrer, the County contended that section 905, subdivision (i) contains an exception to the claim presentation requirement for lawsuits, such as the instant one, involving a local public entity (the County) suing another local public entity (the City). The County argued that the City's ordinance did not apply in this case, because the ordinance expressly states that it only applies to claims that are "*not governed* by California Government Code section 905 . . . ." (Santa Cruz Mun. Code, § 1.14.010, italics added.) The County contended that its "claims against the City *are governed* by California Government Code section 905. (See Gov. Code § 905(i).) Thus, by the very language of the Ordinance, claims that are governed by Gov. Code § 905 (such as the ones brought by the County) are not governed by Santa Cruz Municipal Code § 1.14.010." (Boldface omitted & italics added.)

## D. *The City's Reply*

In reply, the City contended that "[s]ection 935 specifically empowers local public entities to establish their own policies and procedures for the presentation of claims which are excepted by section 905." The City argued that pursuant to section 935, it

---

[2] The County also alleged that pursuant to subdivision (g) of section 905, it was not required to present a claim to the City before filing a lawsuit. The County did not rely on that subdivision in opposition to the City's demurrer below, nor does it rely on that subdivision in opposition to the City's writ petition in this court.

adopted Santa Cruz Municipal Code section 1.14.010, which covers all claims excepted from section 905 and requires public entities to present a claim to the City before filing suit. The City filed a request for judicial notice of documents reflecting that the County had presented claims to the City on at least five prior occasions. The City also sought judicial notice of certain other cities' ordinances that contained similar language requiring the presentation of any claim not otherwise " 'governed' " by the Government Claims Act.

### E. *The Trial Court's Order*

After a hearing, the trial court filed a written order granting the City's requests for judicial notice, and sustaining in part and overruling in part the City's demurrer. Relevant here, the court determined that the County's civil action was not barred by its failure to comply with the City's claim presentation ordinance. The ordinance provided that "[c]laims against the City of Santa Cruz for money or damages which are *not governed by* California Government Code section 905 . . . shall be governed by this [ordinance]." (Santa Cruz Mun. Code, § 1.14.010, italics added.) The court reasoned: "The County's claim against the City . . . *is governed* by [section] 905 which provides an exception to the claims presentation requirement for the County's claim against the City."

### F. *Writ Proceedings*

The City filed a petition in this court for a writ of mandate directing the trial court to vacate its demurrer order, and to enter a new order sustaining the demurrer without leave to amend based on the County's failure to present a claim pursuant to the City's claim presentation ordinance before filing the lawsuit against the City. The County filed preliminary opposition to the petition, to which the City replied and requested judicial notice of the ordinances of 28 other cities. We granted the City's request for judicial notice, issued an order to show cause why a peremptory writ should not issue as requested in the petition for a writ of mandate, and provided an opportunity for further

5

briefing and oral argument. We also granted the application of the League of California Cities for leave to file an amicus curiae brief in support of the City.

## III. DISCUSSION

The City contends that the language of its claim presentation ordinance, which applies to claims "not governed by" section 905 (Santa Cruz Mun. Code, § 1.14.010), must be interpreted as applying to claims "except[ed]" from section 905 (§ 905), in view of the construction and intent of the ordinance as well as the similar language contained in other cities' claim presentation ordinances. The County responds that the City's ordinance applies to claims "not governed by" section 905. (Santa Cruz Mun. Code, § 1.14.010.) According to the County, its claims *are* governed by section 905 because section 905 expressly refers to and excepts claims by a local public entity such as the County and therefore the City's ordinance does not apply to the County. Before considering these contentions, we will address the applicable standard of review, the general rules of statutory interpretation, and the claim presentation requirement.

### A. *Standard of Review and Rules of Interpretation*

"As a general rule, a plaintiff must present a public entity with a timely written claim for damages before filing suit against it. [Citation.] If a complaint does not allege facts showing that a claim was timely made, or that compliance with the claims statutes is excused, it is subject to demurrer. [Citation.]" (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652.)

On review of an order regarding a demurrer, " 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]' [Citation.] We may also consider matters that have been judicially noticed. [Citations.]" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) However, "any allegations that are contrary to the law . . . will be treated as a nullity. [Citations.]" (*C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102.)

6

This case turns on the language of the City's claim presentation ordinance. "We review disputes over the interpretation of a statute or ordinance de novo. [Citation.] . . . When interpreting an ordinance, we apply the same rules of interpretation applicable to statutes. [Citation.]" (*Ocean Street Extension Neighborhood Assn. v. City of Santa Cruz* (2021) 73 Cal.App.5th 985, 1025 (*Ocean Street*).) "Statutory construction begins with the plain, commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' [Citation.] 'When the language of a statute is clear, we need go no further.' [Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 885.) If there is "ambiguity, '[i]t is appropriate to consider evidence of the intent of the enacting body in addition to the words of the measure, and to examine the history and background of the provision, in an attempt to ascertain the most reasonable interpretation.' [Citation.] We may also consider extrinsic aids such as the ostensible objects to be achieved, the evils to be remedied, and public policy. [Citation.] When construing a statute, 'our goal is " 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' " ' [Citation.]" (*Id*. at p. 886.)

In examining the language of the ordinance, "we 'apply common sense to the language at hand' and interpret a provision in a manner that makes 'it workable and reasonable' and avoids an absurd result. [Citation.]" (*Ocean Street*, *supra*, 73 Cal.App.5th at pp. 1025-1026.) "Moreover, we recognize that sometimes the meaning of a statute is not properly determined from a word or phrase in a sentence; a literal construction should not prevail when it is contrary to the statute's intent. [Citation.]" (*Id.* at p. 1026.)

**B.** *Claim Presentation Requirement*

"The Government Claims Act . . . 'established a standardized procedure for bringing claims against local governmental entities.' [Citations.]" (*McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 618-619 (*McWilliams*).) "The general rule under

7

the [Government] Claims Act is that any party with a claim for money or damages against a public entity must first file a claim directly with that entity; only if that claim is denied or rejected may the claimant file a lawsuit. [Citations.]" (*City of Ontario v. Superior Court* (1993) 12 Cal.App.4th 894, 898, fn. omitted (*Ontario*).) "The purpose of the [Government Claims] Act 'is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' [Citation.]" (*McWilliams*, *supra*, at p. 619.) "The claims statutes also 'enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.' [Citations.]" (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738 (*Stockton*).)

### 1. Government Code Section 905

Section 905 of the Government Claims Act "both states the rule [regarding the claim presentation requirement] and creates a number of exceptions to it." (*Ontario*, *supra*, 12 Cal.App.4th at p. 898.) In this regard, section 905 provides that "all claims for money or damages against local public entities" must "be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910)" "except" for the claims specified in section 905. As relevant here, one exception in section 905 is for "[c]laims . . . by another local public entity . . . ." (*Id.*, subd. (i).)[3] A local public entity includes a county or city. (§ 900.4.)

---

[3] Section 905 states in full:

"There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities except any of the following:

"(a) Claims under the Revenue and Taxation Code or other statute prescribing procedures for the refund, rebate, exemption, cancellation, amendment, modification, or adjustment of any tax, assessment, fee, or charge or any portion of the charge, or of any penalties, costs, or related charges.

"(b) Claims in connection with which the filing of a notice of lien, statement of claim, or stop notice is required under any law relating to liens of mechanics, laborers, or (continued)

8

## 2. Government Code Section 935

"However, section 935 specifically empowers local public entities to establish their own policies and procedures for the presentation of those claims against them which

---

materialmen.

"(c) Claims by public employees for fees, salaries, wages, mileage, or other expenses and allowances.

"(d) Claims for which the workers' compensation authorized by Division 4 (commencing with Section 3200) of the Labor Code is the exclusive remedy.

"(e) Applications or claims for any form of public assistance under the Welfare and Institutions Code or other provisions of law relating to public assistance programs, and claims for goods, services, provisions, or other assistance rendered for or on behalf of any recipient of any form of public assistance.

"(f) Applications or claims for money or benefits under any public retirement or pension system.

"(g) Claims for principal or interest upon any bonds, notes, warrants, or other evidences of indebtedness.

"(h) Claims that relate to a special assessment constituting a specific lien against the property assessed and that are payable from the proceeds of the assessment, by offset of a claim for damages against it or by delivery of any warrant or bonds representing it.

"(i) *Claims by the state or by a state department or agency or by another local public entity or by a judicial branch entity*.

"(j) Claims arising under any provision of the Unemployment Insurance Code, including, but not limited to, claims for money or benefits, or for refunds or credits of employer or worker contributions, penalties, or interest, or for refunds to workers of deductions from wages in excess of the amount prescribed.

"(k) Claims for the recovery of penalties or forfeitures made pursuant to Article 1 (commencing with Section 1720) of Chapter 1 of Part 7 of Division 2 of the Labor Code.

"(l) Claims governed by the Pedestrian Mall Law of 1960 (Part 1 (commencing with Section 11000) of Division 13 of the Streets and Highways Code).

"(m) Claims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual assault.

"(n) Claims made pursuant to Section 701.820 of the Code of Civil Procedure for the recovery of money pursuant to Section 26680.

"(o) Claims made pursuant to Section 49013 of the Education Code for reimbursement of pupil fees for participation in educational activities.

"(p) The changes made to this section by the act that added this subdivision are retroactive and apply to any action commenced on or after the date of enactment of that act, and to any action filed before the date of enactment and still pending on that date, including any action or causes of action that would have been barred by the laws in effect before the date of enactment." (Italics added.)

9

are excepted by section 905." (*Ontario*, *supra*, 12 Cal.App.4th at p. 898.) In this regard, section 935, subdivision (a) states that "[c]laims against a local public entity for money or damages *which are excepted by Section 905* from Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) . . . , *and which are not governed by* any other statutes or regulations expressly relating thereto, *shall be governed by* the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity." (Italics added.)[4] "The procedure so prescribed may include a requirement that a claim be presented and acted upon as a prerequisite to suit thereon." (§ 935, subd. (b).) As explained by the California Supreme Court, "[w]hen a claim is excepted from the [Government Claims] Act by section 905 and is 'not governed by any other statutes or regulations expressly relating thereto,' the claim 'shall be governed by the

---

[4] Section 935 states in full:

"(a) Claims against a local public entity for money or damages which are excepted by Section 905 from Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part, and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity.

"(b) The procedure so prescribed may include a requirement that a claim be presented and acted upon as a prerequisite to suit thereon. If such a requirement is included, any action brought against the public entity on the claim shall be subject to Sections 945.6 and 946.

"(c) The procedure so prescribed shall not require a shorter time for presentation of any claim than the time provided in Section 911.2.

"(d) The procedure so prescribed shall not provide a longer time for the board to take action upon any claim than the time provided in Section 912.4.

"(e) When a claim required by the procedure to be presented within a period of less than one year after the accrual of the cause of action is not presented within the required time, an application may be made to the public entity for leave to present such claim. Subdivision (b) of Section 911.4, Sections 911.6 to 912.2, inclusive, and Sections 946.4 and 946.6 are applicable to all such claims, and the time specified in the charter, ordinance, or regulation shall be deemed the 'time specified in Section 911.2' within the meaning of Sections 911.6 and 946.6.

"(f) Any procedure authorized to be prescribed by this section does not apply to claims of childhood sexual abuse made as described in subdivision (m) of Section 905. This subdivision is declaratory of existing law."

10

procedure prescribed in any charter, ordinance or regulation adopted by the local public entity.'  (§ 935, subd. (a).)"  (*McWilliams*, *supra*, 56 Cal.4th at p. 619.)

### 3.  Santa Cruz Municipal Code Section 1.14.010

The City has adopted an ordinance which states:  "Claims against the City of Santa Cruz for money or damages which are not governed by California Government Code section 905 and which are not governed by any other statutes or regulations expressly related thereto, shall be governed by this section.  A claim relating to such a cause of action shall be presented not later than one year after the accrual of the cause of action.  Such claims shall be presented and processed as provided by Chapters 1 and 2 of Part 3 of Division 3.6 of Title 1 of the Government Code insofar as said provisions are not in conflict with this section.  [¶]  No suit for money or damages may be brought against the City of Santa Cruz until a written claim therefore has been presented to the City Council and has been acted upon or has been deemed to have been rejected by the City Council, in accordance with this section."  (Santa Cruz Mun. Code, § 1.14.010.)

### C. *Analysis*

The issue in this case is whether the City's ordinance, which applies to "[c]laims . . . which are *not governed by* California Government Code section 905," encompasses the claims that section 905 has "*except*[*ed*]" from the claim presentation requirement of the Government Claims Act.  (Santa Cruz Mun. Code, § 1.14.010, italics added; § 905, subd. (i), italics added.)

In the City's ordinance, in considering the phrase "not governed by California Government Code section 905" in isolation, we find the phrase could be construed to be ambiguous.  (Santa Cruz Mun. Code, § 1.14.010.)  Claims expressly excepted from section 905, such as claims by a local public entity (§ 905, subd. (i)), are governed by section 905 in the sense that section 905 expressly refers to these excepted claims.  On the other hand, as section 905 expressly excepts those claims from the statutory claim presentation requirement, it might also reasonably be argued that such claims are not

11

governed by section 905. (See *Tapia v. County of San Bernardino* (1994) 29 Cal.App.4th 375, 384 [when a statute "does not prescribe the procedures for presenting a claim, [the] claim was not governed thereby"].)

However, when considering the phrase "not governed by" in the City's ordinance in relation to the rest of the language in the ordinance, which includes an express statement of the City's intent in adopting the ordinance, we determine that the proper interpretation of the "not governed by" language in the City's ordinance (Santa Cruz Mun. Code, § 1.14.010) is that the ordinance imposes a claim presentation requirement for those claims "except[ed]" by section 905.

First, section 905 of the Government Claims Act imposes a claim presentation requirement for "*all claims for money or damages* against local public entities *except*" as specified in section 905. (Italics added.) At the same time, the City's ordinance applies to "[c]laims against the City of Santa Cruz for money or damages which are *not governed by California Government Code section 905* and which are *not governed by any other statutes or regulations expressly related thereto*." (Santa Cruz Mun. Code, § 1.14.010, italics added.) If, under the County's interpretation of the City ordinance, section 905 *governs* all claims for money or damages against a local public entity, *including* claims that are *excepted* under section 905, then the City ordinance's reference to claims "not governed by . . . section 905" would be superfluous, as the ordinance already applies to claims "not governed by any other statutes or regulations." (Santa Cruz Mun. Code, § 1.14.010.) As amicus curiae states, "The most plausible and reasonable interpretation of the [City's ordinance] is that the City included the 'governed by' phrase in an attempt to cover all claims that would be exempted by Section 905. If the City intended to also adopt Section 905 by also excluding the statute's enumerated claims, the [City's ordinance] would have remained silent. Thus, the logical interpretation is that the City included the 'governed by' language so that claims otherwise exempted by Section 905 would be covered by its" claim presentation ordinance.

12

Second, the City's ordinance expresses a clear intent to broadly require all claims for money or damages to be presented to the City before a lawsuit may be filed. In this regard, the ordinance states that "[n]*o suit for money or damages* may be brought against the City of Santa Cruz until a written claim therefore has been presented to the City Council and has been acted upon or has been deemed to have been rejected by the City Council, in accordance with this section." (Santa Cruz Mun. Code, § 1.14.010.) Nothing in this broad expression of intent suggests that the City intended to allow claims that are excepted from section 905's claim presentation requirement to also be excepted from the City ordinance's claim presentation requirement. Indeed, we discern no reason why the City would adopt a claims presentation ordinance that *expressly excluded* claims *already excluded* from the claim presentation requirement in section 905. Even assuming, as the County contends, that the City's ordinance is inartfully worded by using the phrase "not governed by" section 905 (Santa Cruz Mun. Code, § 1.14.010) instead of "excepted by" section 905 (§ 935, subd. (a)), we decline to engage in "an overly technical parsing of one poorly worded phrase" that would "reach[] a result which is contrary to the obvious overall meaning of the [ordinance]." (*Ontario*, *supra*, 12 Cal.App.4th at p. 902; see *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute"].)

Third, the language of the City's ordinance closely tracks the language of section 935, the provision that allows claims excepted from section 905 of the Government Claims Act to be subject to a local public entity's claim presentation ordinance. Specifically, section 935, subdivision (a) states that "[c]laims against a local public entity for money or damages which are excepted by Section 905 from Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part, and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any . . . ordinance . . . adopted by the local public entity." Similar to this language from section 935, the City's

ordinance states that "[c]laims against the City of Santa Cruz for money or damages which are not governed by California Government Code section 905 and which are not governed by any other statutes or regulations expressly related thereto, shall be governed by this section. . . . Such claims shall be presented and processed as provided by Chapters 1 and 2 of Part 3 of Division 3.6 of Title 1 of the Government Code insofar as said provisions are not in conflict with this section." (Santa Cruz Mun. Code, § 1.14.010.) The similarity in language and structure of the City's ordinance and section 935 support the interpretation that the City's ordinance was intended to create a local claim presentation requirement in accordance with the City's authority under section 935 and to encompass those claims excepted from the claim presentation requirement under section 905. To the extent the County contends that an ordinance must expressly reference section 935 in order for the ordinance to "effectuate[]" section 935, the County cites no authority for this contention and we reject it.

Fourth, as amicus curiae observes, claim presentation ordinances by local public entities are common in California. And as the City observes, many of those ordinances use similar, not-governed-by language as the City.[5]

Fifth, it appears that at least one other appellate court has implicitly assumed or impliedly determined that another city's claim presentation ordinance containing similar not-governed-by language applies to claims excepted from section 905. (See *Bullock v. City of Antioch* (2022) 78 Cal.App.5th 407, 423, fn. 11 [indicating that ordinance applied to claims "excepted by section 905," where ordinance stated that " '[a]ll claims for money and damages against the city . . . *not otherwise governed by* the Government Claims Act, Cal. Gov't Code §§ 900 et seq., or another state law . . . shall be presented within the time, and in the manner, prescribed by Cal. Gov't Code Part 3 of Division 3.6

---

[5] To the extent another city's ordinance is not identically worded to the City's ordinance, we express no opinion on the proper interpretation of such an ordinance.

14

of Title 1 (commencing with § 900 thereof) for claims against a city . . . .' " (italics added)].)

Lastly, we observe that the City in its demurrer argued that its claim presentation ordinance applied to the County's entire first amended complaint, including the cause of action for declaratory relief, because the "primary purpose" of the County's civil action was to obtain damages. (See *Loehr v. Ventura County Community College Dist*. (1983) 147 Cal.App.3d 1071, 1081 [although "nonpecuniary actions, such as those seeking injunctive, specific or declaratory relief" are generally not subject to claim presentation requirements, the "rule has no application" where such relief "is merely incidental or ancillary to a prayer for damages"].) The County did not address or otherwise dispute that point below, nor does the County do so in this court.

Therefore, we determine that the City's claim presentation ordinance applies to the County's claims and that the trial court should have sustained the City's demurrer to the first amended complaint based on the County's failure to plead compliance with the ordinance. Having determined that the demurrer to the entire first amended complaint should have been sustained, we turn to the issue of whether the County should be granted leave to amend. "[L]eave to amend is properly granted where resolution of the legal issue[] does not foreclose the possibility that the plaintiff may supply necessary factual allegations. [Citation.] If the plaintiff has not had an opportunity to amend the complaint in response to the demurrer, leave to amend is liberally allowed as a matter of fairness, unless the complaint shows on its face that it is incapable of amendment. [Citations.]" (*Stockton*, *supra*, 42 Cal.4th at p. 747.) In this case, the County indicated in its preliminary opposition filed in this court that it intended to seek leave to amend in the trial court to add a new cause of action that is not subject to the Government Claims Act. We leave the decision as to whether leave to amend should be granted to the trial court in the first instance.

## IV.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to:  (1) vacate its order sustaining in part and overruling in part the City of Santa Cruz's demurrer and to enter a new order sustaining the demurrer to the entire first amended complaint on the ground that the County of Santa Cruz failed to plead its compliance with Santa Cruz Municipal Code section 1.14.010; and (2) decide whether the County should be granted leave to amend, if the County moves to do so and if the court has not already ruled on the motion.  Costs in this original proceeding are awarded to petitioner City of Santa Cruz.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

WILSON, J.

*City of Santa Cruz v. Superior Court*
H050881

Trial Court:                                 Santa Cruz County Superior Court
                                             Superior Court No.:  22CV01094


Trial Judge:                                 Hon. Marjorie Carter


Attorneys for Petitioner:                    Anthony P. Condotti
City of Santa Cruz                           City Attorney
                                             Barbara H. Choi
                                             Senior Deputy City Attorney
                                             Alexander C. Geise
                                             Deputy City Attorney
                                             Atchison, Barisone & Condotti, APC


Attorneys for Real Parties in Interest:      Jason M. Heath
County of Santa Cruz                         County Counsel
                                             Melissa C. Shaw
                                             Assistant County Counsel
                                             Negine Mansour Sewitsky
                                             Assistant County Counsel


Attorneys for Amicus Curiae:                 Raymond A. Cardozo
League of California Cities                   Seam M. Shabbar


*City of Santa Cruz v. Superior Court*
H050881